[Opinion reached hands of reporter—October 1922.—Reporter.]

---

## JOHN TINER v. THE STATE.

### No. 6006.   Decided June 7, 1922.

**1.—Transporting Intoxicating Liquor—Attorney and Client—Postponement.**

Where appellant asked the postponement of the case upon the ground that his principal counsel was not present, but it was not shown that by reason of the absence of said counsel any evidence known to said attorney or desired by the appellant was not had upon the trial, or that any matters of law pertaining to the defense were overlooked or left unpresented to the trial court, there was no error in proceeding with the trial, although the county attorney had made agreement with said absent counsel to postpone; the defendant having been represented by other able attorneys.

**2.—Same—Search and Seizure—Evidence—Practice in Trial Court.**

Where, upon trial of transporting intoxicating liquor, exception was made to the testimony of the officers that they searched defendant's car for intoxicating liquor without a search warrant, but it appears that no objection was made to said search at the time, and that the officers found the intoxicating liquor, there was no reversible error.

**3.—Same—Indictment—Conflict Between State and Federal Law.**

The proposition that the authority of the Federal Court, in liquor prosecutions supersedes that of the State court, is adversely decided to the defendant, following Ex Parte Gilmore, 228 S. W. Rep., 199.

**4.—Same—Misconduct of Jury—Suspended Sentence—Jury and Jury Law.**

Where one of the jurors stated he was prejudiced against the suspended sentence law, but stated that he would give the benefit of such law to a defendant if he was entitled to it, and besides, the juror was not taken and defendant's challenges were not exhausted, there was no reversible error.

**5.—Same—Practice in Trial Court—Stenographer's Notes—Voir Dire.**

Where defendant complained that the court refused to require the stenographer to take down the questions propounded to a juror on his

*voir dire*, and his answers thereto, there was no error in the absence of injury to defendant.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stanford, Sanders & West,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Van Zandt County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Appellant asked a postponement of the case upon the ground that his principal counsel was not present. A bill of exceptions was reserved presenting what he claimed to be the court's error in the refusal of this application. Under the facts we would be inclined to uphold this contention if it was shown that any probable injury resulted. The county attorney of Van Zandt County agreed with the absent attorney for appellant to postpone said trial for one day. Said county attorney seemed to be present representing the State upon this trial. It appears that no admission was made to the trial court of the fact of this agreement, by the State when motion to postpone was presented, but upon the affidavit of the absent counsel, which is made a part of the motion for new trial, appears the signed statement of the county attorney that he did agree to said postponement.

Appellant's main counsel was a member of a firm composed of two other learned gentlemen. It also appears from the record that appellant was represented by another strong firm of attorneys who were present during the entire trial. There appears nothing in the record showing that the issues either upon the evidence or the law of the case, were involved or such as to require extended study or special investigation. It is not shown that by reason of the absence of the member of said firm with whom the agreement to postpone was made, that any evidence known to said attorney, or desired by the appellant, was not had upon the trial, or that any matters of law pertaining to the defense were overlooked or left unpresented to the trial court. While the presence of that member of the firm most familiar with the case is desirable, and while it is unquestionably true that all agreements of the character mentioned should be carried out, still we would not feel ourselves justified in reversing a case

for the refusal of such postponement, unless in some way we might conclude that injury had been done to the accused.

Appellant has bill of exceptions to the testimony of the sheriff and the constable to the effect that they searched the car of appellant for intoxicating liquor, the ground of the objection being that the officers had no search warrant or papers authorizing them to search said car. No objection was made by appellant to the search, and it appears that the officers found in the car 118 fruit jars of corn whisky. In this condition of the record we do not feel called upon to say more than that no error appears in the overruling of appellant's objection.

The grounds of appellant's motion to quash the indictment being substantially based on questions pertaining to a conflict between the Volstead Act and the Dean Law, and upon the proposition that the authority of the Federal court in liquor prosecutions supersedes that of the State courts, which questions have been disposed of by us in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199, we will not discuss the proposition further than to say that in our opinion it presents no error.

Appellant presents his bill of exceptions No. 4 by which he claims that reversible error was committed by the trial court in permitting a juror to express in the hearing of the other jurors his opposition to the suspended sentence law. The bill of exceptions is qualified by the trial court so as to reflect the fact that after eleven jurors had been summoned and the panel for the week exhausted, an additional number of jurors were brought in by the sheriff. These jurors were apparently asked by counsel for the appellant if they had any objection to the suspended sentence law. All of the jurors seem to have answered that they were not opposed to said law but that they believed it had been abused, save one of said gentlemen who stated that he was opposed to said law but could give the accused the benefit of it if he was entitled thereto. This juror stated that he was prejudiced against the law. It appears that the court asked the juror if he would refuse to give the benefit of such law to a defendant if he was entitled to it under all the facts and circumstances and the juror said that he would not. It is further made to appear that the court asked the juror if it was the fact that it was his opinion that the law had been abused that caused his opposition to said law, and the juror answered no. It is further made to appear that this juror was not taken on the jury and that a jury was obtained without exhausting the challenges of the appellant. We find nothing in this bill to indicate any ignoring of the rights of the appellant, or any error on the part of the trial court in allowing any prejudicial matter to be detailed in the hearing of the jury.

There is another bill of exceptions complaining of the fact that

the court refused to require the stenographer to take down the questions propounded to said juror and his answers. We are not shown in what way any injury occurred. If appellant desired to do so, he had a perfect right to take down verbatim in any way that he desired, the questions propoundered by the court and also the answers of the jurors. That the court did not compel the stenographer to take down his remarks to the juror, or the answers of the juror, would not seem to present such error as to call for a reversal of this case.

This disposes of the matters complained of in the record, and finding no reversible error, an affirmance is ordered.

*Affirmed.*

[Rehearing denied October 1922.—Reporter.]