ROBERT WHITFIELD V. THE STATE.

No. 9968.    Delivered March 10, 1926.

Rehearing denied May 19, 1926.

1.—Murder—Confession of Accused—Its Voluntary Character — Question for Jury.

Where, a written confession of the accused is introduced by the state, and the voluntary character of same is contested, this issue should be

submitted to the jury, under appropriate instructions that unless they believe the confession to have been voluntarily made, to not consider same for any purpose. In the instant case this was done, and appellant's complaint directed to the admission of the confessions presents no error. Following Jordan v. State, 51 Texas Crim. Rep., 146, and other cases cited.

### 2.—Same—Bill of Exceptions—Incomplete—No Error Shown.

Where appellant complains of the admission of evidence of what was seen and found by officers at appellant's home after the homicide, because the officers did not have a search warrant, and the bill utterly fails to negative the idea that the witness Allen, the officer, was properly in the house, and fails to even suggest that he did not have the consent of the appellant to be in said house at the time the facts were discovered by him, such bill is incomplete and presents no error. Following Rippy v. State, 219 S. W., 463, and other cases cited.

### 3.—Same—Evidence—Properly Admitted.

On a trial for murder all cogent facts and circumstances which shed light on the killing of the deceased and the defendant's connection therewith are, as a general rule, admissible, and there was no error in this case in permitting the state to prove the things that were found by the officers at and near the home of the appellant, after the killing.

### 4.—Same—Statements of Accused—When Not Under Arrest—Admissible.

Where, on a trial for murder, the state was permitted to prove statements made by appellant, at the undertaking parlors where the body of his dead wife was taken, the appellant at the time such statements were made not being under arrest, nor believing himself to be under arrest, his statements so made were properly admitted.

### ON REHEARING.

### 5.—Same—Confession of Accused—Voluntary Character—For Jury.

On motion for rehearing appellant urges that there was no evidence heard in the trial court in determining whether the confessions objected to by the defense were voluntary or not. The bill of exception presenting this matter sets out at length the testimony both for the state and the defense adduced on the issue of the voluntary character of the confession, and his contention is without merit. The case of Williams v. State, 225 S. W., 177, is analogous to the case before us. Following Thompson v. State, 234 S. W., 401.

### 6.—Same—Assignments of Error—Not Proper Practice in This Court.

We have repeatedly called the attention of the bar to the fact that rules of civil procedure providing for assignments of error are not recognized nor followed in this court. We look only to bills of exception, and to refer to assignments of error in the briefs for appellants, are but confusing to us. This record which contains references to assignments of error, which are not covered by any bill of exception, is good illustration of our reasons for this rule of procedure.

### 7.—Same—Bill of Exceptions—When Incomplete—No Error Presented.

Appellant complains of the refusal of the court to give his special

charge limiting the testimony of those witnesses concerning the conduct and statements of appellant while under arrest. The special charge, nor bill of exception, do not set out nor refer to any of the testimony of said witnesses, nor show when same was presented to the trial court, nor whether it was presented at the proper time. We are not at liberty to overlook these material defects in appellant's bill of exception No. 11 which complains of this matter, and no error that we can review is presented in said bill.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*Edgar Scurry, D. E. Nelson* and *Henry D. Akin,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder; and the punishment is twenty-five years in the penitentiary.

The first complaint raised by appellant in his brief is at the court's action in permitting the State to introduce in evidence four alleged voluntary confessions made by the appellant. The introduction of these confessions was contested on the ground that they were induced by duress and coercion on the part of the officers. The voluntary character of the confessions are stated in the confessions themselves and the officers taking the same each testified that they were freely and voluntarily made. On the contrary, appellant introduced testimony showing that his contention that they were induced by fear, threats and coercion was correct. The court in his charge to the jury submitted the question of the voluntary character of these confessions to the jury in a correct charge. The court's action in the matter is correct. Where an issue is made that a written confession containing a proper warning was not voluntarily made, the issue should be submitted to the jury. Jordan v. State, 51 Texas Crim. Rep., 146; 101 S. W., 247; Knight v. State, 55 Texas Crim. Rep., 251; 116 S. W., 256; Berry v. State, 58 Texas Crim. Rep., 291, 125 S. W., 581; Blocker v. State, 61 Texas Crim. Rep., 413; 135 S. W., 130.

The conviction was for the killing of the appellant's wife, her dead body being found near the residence where they were living. By various bills of exception appellant complains at

the court's action in permitting the officers to testify as to clothing, a pistol and cartridges found in the appellant's home. As illustrative of the insufficiency of these bills to show any error we quote the following from Bill No. 1:

"Mr. Jimmy Allen was permitted to testify, over the objection of the defendant, that a man had appeared at the police station early Sunday morning, that he asked about anyone seeing a tall, dark, brown-skinned woman; that he was wearing a dark shirt and a dark pair of trousers; that he next saw those trousers hanging on a nail in defendant's room in Pine Street; that he had no search warrant at the time he went into defendant's home; that he found in the watch pocket of the defendant's trousers a thirty-two caliber pistol cartridge; that they were the same trousers Bob Whitfield had on at the time he came to the police station, which testimony was then and there objected to by the defendant at the time it was offered upon the following grounds: That anything he might have seen in said house, or discovered therein, or that he might have heard therein was inadmissible in evidence for the reason that the witness did not have a search warrant."

The bill further shows that the objection was overruled and the testimony admitted. We think it clear that this bill fails to show any error. It is unnecessary in this case to discuss the recent search and seizure law passed by the 39th Legislature. Under no construction of that law can it be contended that in all cases evidence of things seen at a private residence is inadmissible simply because the witness seeing them had no search warrant. This bill of exception utterly fails to negative the idea that the witness Allen was properly in the house and fails to even suggest that he did not have the consent of the appellant to be in said house at the time the facts above disclosed were discovered by him. Rippy v. State, 219 S. W., 463; 87 Texas Crim. Rep. 569; Tiner v. State, 243 S. W. 1092; Banks v. Commonwealth, 227 S. W., 457.

Under the record in this case we think no error was shown by the bills of exception in the court's action in permitting the State to prove the things found by the officers at and near the home of Whitfield. They were cogent circumstances that tended to shed light on the killing of the deceased and the defendant's connection therewith.

Neither do we think the court was in error in permitting the witness Allen to testify to statements made by the appellant at the undertaking parlors where the body of the deceased was

located. The bill óf exception, we think, shows on its face that the appellant was not under arrest at the time these statements were made. It certainly fails to show that appellant knew or thought he was under arrest at the time.

Finding no error in the record and believing that the evidence is amply sufficient to support the verdict, the judgment is in all things affirmed.                                                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As we understand appellant's motion for rehearing he contends that no evidence was heard in the trial court in determining whether certain confessions objected to by the defense were voluntary or not. Bill of Exceptions No. 9, which brings before us this matter, sets out at length the testimony both for the State and the defense adduced on the issue of the voluntary character of said confessions. The rule is that a written confession is admissible which shows on its face that it was made in accordance with our statute, provided the execution thereof by the defendant is proven. Its admissibility when thus offered is for determination by the court. Thompson v. State, 234 S. W. Rep., 401. If the truth of those matters upon which its admissibility rests be put in issue by proof attacking same, issues of fact are thereby raised, and, under our practice, may be submitted to the jury in the charge. This seems to have been done in the instant case. Since the determination of fact issues is for the jury, it was right for them to hear the evidence pro and con affecting the voluntary character of the confessions. In Williams v. State, 225 S. W. Rep., 177, cited by appellant, we held in effect that when proof offered as a predicate for the introduction of a confession, was conflicting as to the voluntary character of same, it is the practice to submit the issue to the jury, but we further held that the proof offered in that case showed that the confession was not voluntary and that the trial court should not have admitted the confession in evidence. We are not of opinion that the case before us is analogous to the Williams case, supra, in such regard. The testimony in this case is set out in said bill wherein appears the statements of various parties present when the confessions were made who assert positively that same were wholly without any improper influence.

Appellant urges that we did not consider what he calls his

sixth assignment of error. It would seem that this court is unable to make it plain that the practice before us does not call for "assignments of error"; that same are to us but confusing. This case illustrates said proposition. In his brief we are referred to "Appellant's Sixth Assignment of Error (Bill of Exception No. 10—5th and 8th grounds of motion for new trial)." Referring to Bill of Exception No. 10, as same appears in the record it presents complaint of the refusal of a special charge to the effect that all exculpatory statements of the appellant herein appearing in his written confessions in evidence, must be taken as true unless proven untrue. Referring again to appellant's brief, we note that under the sixth "assignment of error" above referred to he discusses an entirely different matter from that raised by Bill of Exception No. 10 in the record. This serves to show why we have repeatedly stated that we look to bills of exception and not to assignments of error. However, the matters discussed in appellant's said sixth assignment will be noticed. In his motion for rehearing appellant complains of our failure to consider the matter thus brought forward. The complaint appears to be of the refusal of the trial court to give a special instruction limiting the testimony of witnesses Spence, Humphrey, et al., concerning the conduct and statements of appellant while under arrest. Just what acts and statements of the appellant are referred to in this refused instruction, we are unable to determine. The bill gives us no information on this point. The special charge is most general and singles out and refers to no testimony of any of said witnesses. Nothing in the document containing the refused charge shows when same was presented to the trial court, nor is there any bill of exception showing whether it was presented at the proper time. We are not at liberty to overlook these material defects in Bill of Exceptions No. 11 which complains of this matter, or to consider matters not properly before us. In his discussion of this "assignment of error" in the motion for rehearing, appellant also urges that the confessions should have been held inadmissible on the ground that he was not allowed to see an attorney at the time of or before same were made. We find in the record no bill of exception to any action of the court, or proceedings in this case, based on the proposition that appellant was not allowed to see an attorney, and for that reason are unable to apply either the argument or the citation of authorities in the motion relating to this point.

Finding no error in the record, and believing that the case was properly decided on original presentation, the motion for rehearing will be overruled.                    *Overruled.*