### B. C. TAYLOR V. THE STATE.

No. 18470. Delivered October 28, 1936.
Rehearing Denied November 25, 1936.

The opinion states the case.

*Pace & Goens* and *Butler, Price & Neill,* all of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice aforethought, and his punishment was assesed at confinement in the state penitentiary for a term of ten years.

The testimony adduced by the State, in substance, is as follows: Allen Massey, a son of W. E. Massey, was employed by the deceased as a clerk at a gasoline station. Complaints had been made to the deceased about the conduct of young Massey towards ladies who came to the station to make purchases. On the afternoon of July 4th, while the appellant was

at the home of W. E. Massey, deceased drove up to the yard gate and called Allen to his car and proceeded to lecture him concerning his conduct toward ladies. Appellant and Mrs. Massey, who overheard deceased talking to the boy, went to the yard gate and appellant told deceased that he had better talk to the boy's father instead of the boy. The deceased told appellant that he did not appreciate his act in "butting" into his business. This led to some uncomplimentary remarks being passed between appellant and deceased. When deceased left he made the remark that he would be back. Appellant, who had his car parked in the yard of W. E. Massey, went by his car in going back to the house and took therefrom a pistol which he put in his pocket. Soon after deceased had left, Mr. Massey returned to his home and in about fifteen minutes later deceased returned and again stopped his car at the yard gate and called to Mr. Massey. Appellant, who at the time was sitting on the front porch of the Massey home, started in the direction of where deceased and Mr. Massey were talking and when he got within about ten or fifteen feet, he drew his pistol and began shooting at the deceased, who was sitting in his car with one hand on the steering wheel and the other on the back of the car seat. Appellant's plea was self-defense and in support thereof he testified that as he started to go from the porch to his car he saw that deceased made some movement with his hand down in the car, which caused him to believe that deceased was going to pull a gun, and kill or inflict serious bodily injury upon him; that to prevent him from doing so, he hurriedly drew his pistol and fired five times in rapid succession. No weapon of any kind was found on the body of the deceased or in his car.

Appellant urged ten objections to the court' charge and requested eighteen special instructions to the jury, three of which the court gave. To discuss each of the objections and the requested special charges would unnecessarily extend this opinion. We deem it sufficient to say that we have carefully examined the court's main charge with the requested charges that were given and reached the conclusion that the same distinctly and affirmatively applied the law to every phase of the case and adequately protected appellant's legal rights. Appellant was not entitled to a charge on the law of aggravated assault. Neither was he entitled to a charge on temporary insanity as such issues were not raised by the testimony. The court did not err in declining to submit appellant's requested charges.

Bills of exception ten and eleven reflect the following occurrence. E. H. Lindstaedter and W. H. Birdwell were each drawn as veniremen in this case and each of them had been drawn as a venireman at a former term of this court in this case and had been peremptorily challenged by the appellant, and when each of the said veniremen appeared for examination on voir dire the appellant moved the court to stand each of them aside, inasmuch as each of them had been challenged by him at a former term of said court, but the court overruled the appellant's motion and required him to exercise a peremptory challenge on each of said jurors. The court qualified said bills of exception and in his qualification of said bills of exception states that after the jury panel had been completed the defendant had only exercised twelve of his fifteen peremptory challenges. Under said state' of facts, no reversible error is shown. See Wilson v. State, 3 Tex. Cr. R., 63; Nalley v. State, 28 Tex. Cr. R., 387; Easterwood v. State, 34 Texas Crim. Rep., 400. However, we do not wish to be understood as holding that the mere fact that they had theretofore been peremptorily challenged by appellant at his former trial that it would be a cause for challenge at his subsequent trial.

Bill of exception number twelve reflects the following occurrence. During the examination of prospective jurors as to their qualifications for jury service appellant inquired of J. S. Birdwell, prospective juror, whether he had any conscientious scruples about the infliction of the death penalty for punishment of crime—to which he answered affirmatively. Thereupon the appellant challenged the juror for cause and in reply to said challenge the district attorney and his assistant prosecutor stated in open court that the State did not expect to ask for the death penalty in said cause; thereupon appellant withdrew his challenge for cause and accepted the juror. Thereafter H. A. Huggins, a prospective juror, upon voir dire examination stated that he was opposed to the infliction of the death penalty as a punishment for crime. Whereupon the State's counsel challenged the juror for cause, which challenge was sustained by the court, and appellant objected to the same on the ground that it was unfair to him. No other jurors seem to have been interrogated with reference to their attitude as to the infliction of the death penalty as a punishment for crime. The court qualified said bill and in his qualification states that in the argument of the case before the jury State's counsel did not ask for the death penalty, but on the contrary argued to the jury that the defendant should be confined in the peni-

tentiary for some period of years; that the jury assessed his punishment at confinement in the penitentiary for a term of ten years. If appellant had insisted upon his challenge of the juror Birdwell, the court would no doubt has sustained it. In capital cases the defendant as well as the State has a right to challenge for cause a juror who has conscientious scruples about the infliction of the death penalty as a punishment for crime. But inasmuch as it appears that appellant withdrew his challenge to the juror Birdwell he had no just ground of complaint. See Anderson v. State, 90 S. W. (2d) 564.

By bill of exception number thirteen appellant complains of the action of the trial court in permitting the prosecuting attorney over the objection of the appellant to ask the witness W. E. Massey if there was any ill-feeling at the time of the alleged homicide between him and the defendant,—to which the witness answered that there had not been at any time, that appellant had visited in his home frequently prior to and since the time of the commission of the offense. The court qualified said bill of exception and in his qualification states that upon cross-examination of the witness, W. E. Massey, by counsel for the defendant, he was asked when was the last time defendant had been at the home of the witness,—to which witness replied, "I don't know. Me and my family had been to the Taylor home before July 4th. We go there once in awhile. Couldn't give you any idea when there last." The witness was a brother-in-law to the appellant and the State's main and only eye-witness to the homicide and it was proper for the State to show the state of feeling, if any, that existed between the witness and appellant. We see no error in the ruling of the court.

Bills of exception numbers fourteen and fifteen are qualified by the court and as qualified fail to reflect any error. Furthermore the bills are insufficient in that they do not of and within themselves show any error. See Branch's Anno. P. C., Sec. 207; Hicks v. State, 94 Texas Crim. Rep., 123; Williamson v. State, recently decided but not yet reported.*

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Page 459 of this volume).

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the motion for rehearing leaves us of the opinion that the proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is therefore overruled.

*Overruled.*