Appellant was convicted of the offense of murder with malice and his punishment was assessed at confinement in the state penitentiary for life.
He brings forward forty-three bills of exceptions wherein he complains of many alleged errors committed by the court in the trial of the case. Many of the bills relate to the same subject matter and may be considered and disposed of together.
In Bills of Exception Nos. 1 through 24, he complains that the court erred in permitting the district attorney to ask the prospective jurors if they had any conscientious scruples against the infliction of the death penalty as a punishment for crime in proper cases. His contention is that after the indictment had been returned against him, the district attorney agreed that he, appellant, might be released from custody on bail in the sum of $6,500 and thereby had waived the death penalty; that therefore he had no legal right to make the inquiry. The court overruled the objection and he excepted. These bills further show that the district attorney challenged for cause such prospective *Page 219 
jurors who stated that they had conscientious scruples against the infliction of death as a punishment for crime in a proper case, and the court sustained the challenge, to which ruling appellant timely objected and excepted. We see no error reflected by the bills. Although the district attorney may have agreed that accused may be admitted to bail this was nevertheless a capital offense under the law since the indictment charged appellant with murder with malice. Consequently the state, under Sec. 11 of Art. 616, Vernon's Ann. C. C. P., was authorized to make the inquiry complained of and to challenge for cause such of the prospective jurors who stated that they had conscientious scruples against the infliction of death as a punishment for crime. See Thompson v. State, 19 Tex. App. 593[19 Tex. Crim. 593]; and Kennedy v. State, 19 Tex. App. 618[19 Tex. Crim. 618]. Moreover, appellant does not claim that by the proceedings complained of any objectionable juror was forced upon him, in the absence of such showing no injury resulted to him. See Tex. Jur., Vol. 26, page 678, Sec. 110.
By Bill of Exceptions No. 25, he complains of the admission in evidence of a previous difficulty between appellant and deceased about four hours before the killing took place. The court qualified the bill and in his qualification states that he admitted the testimony on the issue of motive. We are of the opinion that the bill as qualified fails to reflect any error. See Marnoch v. State, 7 Tex. App. 269[7 Tex. Crim. 269]; McKinney v. State, 8 Tex. App. 626[8 Tex. Crim. 626]; Fritts v. State, 119 Tex.Crim. R.; 42 S.W.2d 609; Shannon v. State, 118 Tex.Crim. R.,38 S.W.2d 785; Reynolds v. State, 101 Tex.Crim. R.,274 S.W. 974; Ott v. State, 87 Tex.Crim. R., 222 S.W. 261; and Hardison v. State, 85 S.W. 1071.
By Bill of Exceptions No. 26, he complains of the testimony given by Andres Covarreubies to the effect that after he, the witness, had left the Gonzales Cantina he started home and stopped by a beer parlor run by John Zambrano and while there the defendant came in. We admit that we fail to see for what purpose this testimony was admitted. It was merely proof of an isolated fact, and in no way impinged on his defense or injuriously affected him in his legal right. The bill in the condition in which it appears in the record does not reflect any error.
By Bill of Exceptions No. 27, appellant complains because the district attorney was permitted to ask a witness a leading question. In some instances where the witness is an unwilling or hostile witness, it is permissible to ask leading questions. This bill is deficient in that it fails to negative the existence of fact which would authorize the state to ask a leading question. *Page 220 
See Carter v. State, 59 Tex.Crim. R.; 127 S.W. 215; Knauf v. State, 108 Tex.Crim. R., 2 S.W.2d 229; and Jones v. State, 108 Tex.Crim. R., 1 S.W.2d 617.
Bill of Exceptions No. 28 is deficient in that it fails to show any fact which would take the testimony complained of out of the rule of res gestae. A bill which merely states that the testimony complained of was not res gestae is insufficient. See Mallory v. State, 37 Tex.Crim. R., 36 S.W. 751; Davis v. State, 107 Tex.Crim. R., 296 S.W. 596; and Branch's Ann. P. C., page 134, Sec. 209.
Bill of Exceptions No. 29 reflects the following occurrence: The state called as a witness Manuel Gutierez who, after having testified that he was at the place of the killing; that he remained there a short time, then went to the bus station with Antonio Gonzales, the deceased's brother; and then the witness was asked to tell the jury what Antonio Gonzales did at the bus station where he saw appellant with a gun in hand. Appellant objected to the question and the answer sought to be elicited on the ground that he was not responsible for what Antonio Gonzales might have done. The court overruled the objection and he then and there excepted. Thereupon, the witness testified, "He (the defendant) told both of us not to go in the door, if either of us did go inside that he would shoot anybody." It will be noted that the witness did not say a word about what Gonzales did or said. He testified to what appellant did and said. Therefore, the bill fails to reflect error. The court qualified the bill and in his qualification states that what occurred at the bus station took place very shortly after the killing and prior to appellant's arrest while he still had the deadly weapon in his hand and that it was admissible as res gestae of the offense on the issue of malice and other issues in the case. The bill as qualified by the court was accepted by appellant and he is bound thereby.
Bills of Exception Nos. 30, 31, and 32, in our opinion, are without merit since they fail to show that any injury resulted to appellant by the testimony elicited from the witness Manuel Gutierez, therefore, we see no need for an extended discussion thereof.
By Bill of Exceptions No. 33 he complains of the following remarks by the district attorney in his argument to the jury: "I say it is the kind of a case that if he sat in the electric chair, that he would be getting what he is entitled to. Then he won't be back. He is vicious and dangerous, and has forfeited his *Page 221 
right to live among decent, law-abiding citizens." Appellant objected to the words "vicious and dangerous." The court, in overruling the objection, stated, "I believe Mr. Martin is drawing his own conclusion from the testimony." Appellant then objected to the court's remarks and reserved his exception. This bill shows upon its face to be multifarious, since it complains of the argument of the district attorney and some remarks made by the court in overruling appellant's objection thereto. See Garza v. State, 138 Tex.Crim. R.,136 S.W.2d 861. Nor does it show that the remarks of the district attorney were not reasonable deductions from the evidence. In the absence of such a showing, the bill fails to reflect any error.
After the trial had been concluded, appellant filed a motion for a new trial based on the alleged ground that Henry Kolar, one of the jurors who sat in the case, was insane at the time of and during the trial wherefore he was not a qualified juror; that by reason thereof appellant was tried by a jury composed of eleven qualified jurors instead of twelve as required by law. This motion was contested by the state and in support of its contest attached the affidavits of eleven of the jurors and in addition thereto the affidavits of a number of other parties. On the hearing of the motion, the court heard evidence relating thereto and at the conclusion thereof overruled appellant's motion. Appellant brings forward ten bills of exceptions wherein he complains of the opinion expressed by the jurors in their affidavits to the effect that the juror Kolar was of sound mind while he sat on the jury. He based his objection to the opinion expressed by the other jurors on the ground that they had not known the juror whose mental status was questioned until he was selected as a juror and since they knew him only since he was selected as a juror and during the trial; that they had not had sufficient association with him to express an opinion as to his mental condition. The court overruled the objection and he timely excepted. We think that the objection went more to the weight than to its admissibility. See Langhorn v. State, 105 Tex.Crim. R.,289 S.W. 57. Ross v. State, 153 Tex.Crim. Rep.,220 S.W.2d 137.
Appellant's next complaint is that the court erred in overruling his motion for a new trial. He contends that evidence adduced upon the trial by doctors, psychiatrists, and laymen was so overwhelming that the court abused his discretion in overruling the motion. The testimony of the jurors, as set forth in their respective affidavits shows that the juror Kolar, who sat in the case, played dominoes with some of the jurors at night when they were confined in the jury room; that he participated *Page 222 
in the discussion of the facts after they were retired and deliberating on their verdict; that their first vote was taken on the question of whether or not the defendant was guilty — this was a viva voci vote and he voted guilty. The second vote was as to the punishment to be assessed and this was a secret vote by ballot; that he wrote out his own ballot for life imprisonment just as the rest of the jurors. The questions propounded to the juror by both the state and defendant together with his replies thereto are brought forward in the record and it appears therefrom that he answered the questions intelligently. We think the evidence raised an issue of fact which the court decided adversely to appellant, and this court would not be authorized to hold that the trial court abused his discretion in this respect. Ordinarily the granting or refusal of a motion for a new trial rests within the sound discretion of the trial court and this court would not be authorized to disturb his conclusion on the subject unless an abuse of that discretion is made to appear from the record. See Vallone v. State, 141 Tex.Crim. R., 147 S.W.2d 227; and Art. 757, Vernon's Ann. C.C.P.
No reversible error appearing from the record, the judgment of the trial court is affirmed.
Opinion approved by the court.
 ON MOTION FOR REHEARING.