## WILLIAM CLYDE BRYAN v. STATE.

No. 25,904. June 18, 1952.
Rehearing Denied October 22, 1952.

Hon. Reed Ingalsbe, Judge Presiding.

*Reid & Reid,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged with the offense of driving while intoxicated on a public highway in Taylor County, Texas. He was found guilty by a jury and assessed a fine of $150.00.

Appellant was arrested about 4 o'clock in the afternoon of September 24, 1951, and was taken to a hospital where a sample of his blood was taken and thereafter sent by the sheriff to the Texas Department of Public Safety, in Austin. An analysis showed its contents to be 2.6 milligrams of alcohol per cubic centimeter of blood. It was the conclusion of the witness testifying to the blood content that the amount of alcohol found to be in the blood was sufficient to and did cause the person to be intoxicated.

There is no contest to the conclusion thus reached as an expert witness. The cross-examination attempted to show that it could have been some other sample of blood that was analyzed instead of that from appellant. The effort in this direction failed.

In the appeal reversal is sought on four grounds. The first contention is based on his Bill of Exception No. 3, which complains of the failure of the court to give his requested instruction to the jury withdrawing the testimony of Ray Craft and Derward Nollner, whose evidence revealed the taking of the sample of the blood, the examination and the result of the exami-

nation of same in the Texas Department of Public Safety. There is no claim that it was taken without his consent. The bill cannot be sustained.

The third ground is based on Bill of Exception No. 5, complaining of the argument of the county attorney. In his opening argument the county attorney said to the jury: "I think he should have come to me and said 'I'm sorry, I made a mistake, I'll admit it.'" Objection was made to this argument at the time and the court refused to sustain it. We see no possible ground for error because of this argument. It was meaningless and without force.

The fourth complaint is based on Bills of Exception Nos. 2 and 6, which attack the sufficiency of the evidence to show that the blood was taken from appellant's veins by a competent person; that it was sent to the Texas Department of Public Safety; and that it was examined by the party who testified as to the content. We have checked the evidence relating to this procedure and feel that it sufficiently complies with the law.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant complains of our disposition of his Bill of Exception Nos. 3 and 6.

Bill of Exception No. 3 is directed at the failure of the court to give a specially requested charge instructng the jury not to consider the testimony of two witnesses. The bill fails to show that any objection was made to the introduction of the testimony when it was offered and, therefore, fails to reflect error.

Bill of Exception No. 6 complains of the overruling of certain objections to the testimony of the witness Nollner.

The bill is deficient in that nowhere therein do we find a certificate by the court that the facts which form the basis of the objection are true. Such a bill presents nothing for review. 4 Tex. Juris., Sec. 206, p. 293.

In this connection, we call appellant's attention to the fact

that if a chemist or toxicologist is present and observes the making of a test, or if it is made under his supervision, he may testify as to the result of the test.

The bill fails to show that the witness was not present and that he did not supervise the making of the test.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.