## JOHN E. ANDERSON V. STATE.

No. 25,937.   November 5, 1952.

Hon. Henry S. Bishop, Judge Presiding.

*H. C. Pipkin,* Amarillo, for appellant.

*George C. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder, the jury having assessed the punishment at five years in the penitentiary.

Both appellant and the deceased, Leon DeBose, were Negroes. They were engaged in shooting dice when the difficulty arose, the scene being a room back of a cafe in the city of Amarillo.

An argument arose during the dice game about eight o'clock in the morning when appellant, who was losing, accused the deceased of cheating, attacked him and demanded the return of his money. The deceased struck the appellant with a chair and appellant stabbed the deceased in the back with his pocket knife. The deceased then ran from the room into the street, where he was immediately struck by a passing car. His injuries included a broken thigh. He was then taken to a hospital where he soon died.

The medical testimony was to the effect that death resulted from the stab wound and not from injuries suffered by the deceased as a result of being hit by the car.

The jury was instructed, in the court's charge, that if death would not have resulted but for the automobile striking the deceased, they should acquit.

In other parts of the charge the jury was required to find that the deceased died as a result of a stab wound inflicted by appellant in order to convict.

Also at the request of the state, the jury was instructed that it was not necessary that the stab wound be the sole cause of death, it being sufficient if it was one of the material and contributing causes which either alone or coupled with other injuries "in the natural and unbroken sequence of events" brought about the death of the deceased and without which stab wound death would not have occurred.

Appellant objected to the giving of this requested charge as being on the weight of the evidence, and being erroneous and in conflict with the law as given elsewhere in the charge.

We are inclined to the view that the charge is not on the weight of the evidence, and considering the instructions as a whole, appellant suffered no injury from the giving of the requested charge. Reversal is therefore not called for. See Art. 666, Vernon's Ann. C.C.P.

Several bills of exception are addressed to the testimony of the state's witness John Allen, an officer. Allen was recalled after appellant had testified in his own behalf, in part, as follows:

"Out there that morning, as soon as I heard about Leon De-Bose getting hit by the car I walked over to Mr. John Allen's car and told him, 'Here is the dice, I want you to hold them as evidence, and he has $55.00 of my money, and I want you to get it and take it to court and hold it for evidence, because I am going to say something about it in court.' When he took me to jail, I says, 'Did you get my money off that boy?" and he says, 'No, I didn't need to.' And when I asked him again he told me that Clifford got in the ambulance and took $71.00 off of him. I know the boy had $55.00 of my money and I know that he had three $20.00 bills of his own."

"I stayed right there in the gambling house, didn't ever come out, until the police came. They got me and put me in the scout car. I don't remember whether it was Mr. Sewell, or who, but one of them, told me to sit there in the car, and then pretty soon Mr. Allen came and took me to jail."

Upon being recalled Allen was asked by the district attorney: "And what did he say about DeBose, in his own words?" to which appellant made the objection: "It is shown he was under arrest at the time, and it is not part of the res gestae, and it is not admissible for any reason whatever." The objection being overruled, Allen answered: "He told me he hoped the son-of-a-bitch died."

The bills are insufficient to show reversible error for the reason it is not shown therein as a fact that the evidence received was not admissible under the rule of res gestae, the statement as a ground of objection to that effect being insufficient. See Hall v. State, 141 Tex. Cr. R. 607, 150 S.W. 2d 404, 4 Tex. Jur. p. 328, sec. 224; Branch's Ann. P.C.

Further, the testimony appears to be a part of the same conversation which appellant testified about on his direct examina-

tion and is admissible under the statute Art. 728 C.C.P., a part of which reads:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other . . ."

The evidence is sufficient to sustain the conviction, and we find no reversible error.

The judgment is affirmed.

Opinion approved by the Court.