JOE CURRY V. STATE

No. 27,334. February 2, 1955
Rehearing Denied March 30, 1955

284

H. L. *Williford,* Fairfield, *Justice, Justice & Rowan,* by *Wm. Wayne Justice,* of Counsel, Athens, for appellant.

*Bowlen Bond,* Special Prosecutor, Teague, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of murder with malice, and his punishment was assessed at 8 years in the penitentiary.

The state's testimony shows that appellant and the deceased met on a public road and had an argument about a trailer which each contended he owned. After this occurrence, the deceased and Bethel Black went to the home of Will Relerford where the trailer was located, attached it to the pick-up in which they were travelling and started toward the town of Teague. Upon going a short distance, they met appellant on the road and again stopped, at which point they were about twenty-five steps apart.

Bethel Black testified that the deceased got out of his pick-up and walked back and leaned against the left rear fender; that he could see the deceased and appellant through the back glass; that as appellant approached the pick-up "he run his hand in his bosom and pulled out a pistol" and shot the deceased between the eyes; that he did not hear either the appellant or deceased say anything; and that he did not see deceased make any movements with his hands immediately before the shooting. He further testified that when he reached the back of the pick-up appellant was about five feet away walking towards his car and that he placed the gun "back in his bosom."

It was shown that deceased's death was caused by said gun shot wound.

Appellant testified that after the second meeting on the road, they stopped, walked toward each other, and when eight or ten feet apart, the deceased said to him " 'What did I tell you, God-damn you, I'm going to kill you,' and stopped and reached over in his bosom and I stopped and beat him to it" by shooting him one time. He further testified that the deceased threatened to kill him when they first met on the road that day and also told him that he would kill him the next time he met him; and that the deceased had made other threats to take his life which were communicated to him prior to the shooting and, being in fear for his life, he shot the deceased. He also offered testimony of acts of violence by the deceased upon other persons and testimony concerning the deceased's general reputation for being a violent and dangerous man.

The jury chose to accept the state's version and to reject appellant's claim of self-defense.

By Bill of Exception No. 2, complaint is made of the admission in evidence of a portion of the testimony of E. R. Davis, City Marshal, as to statements made by the appellant at the time he surrendered to him. We quote from the bill:

"A. I said 'What have you done,' and he said 'I shot Kermit Free.'

"Q. All right, did you ask him if he killed him? A. I said 'Did you kill him.' He said 'I don't know, I aimed between his eyes.'

"Q. All right, did you ask him about the gun?

"MR. JUSTICE: Your honor, we object when he came up and gave up to him as to what he said he had done."

The above question asking about the gun was not answered, and further, the objection does not make known to the court any ground upon which appellant based his objection. No error is here shown.

Appellant later made an oral motion to strike that portion of Davis' testimony stating where appellant told him he shot the deceased, but gave no reasons supporting such motion.

The record reveals that no objection was made at the time

this testimony was admitted, and no reason is advanced why the objection was not made at that time. In the absence of a timely and appropriate objection, no error is shown. Bryan v. State, 157 Texas Cr. R. 592, 252 S.W. 2d 184; 1 Texas Jur. Supp. 390, Sec. 213.

Appellant contends that the court erred in certain paragraphs in the charge which stated the law of self-defense, and of direct and communicated threats in connection therewith, because the charge failed to apply the law, as stated, to the facts of the case.

Other paragraphs of the charge reflect that application was made of the law, as stated, to the facts, hence no reversible error is shown.

We find the evidence sufficient to sustain the verdict of the jury and no reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant complains that we overruled his formal Bill of Exception No. 2, addressed to the failure of the court to strike from the testimony of E. R. Davis the statement attributed to appellant in answer to Davis' question as to whether he killed the deceased: "I don't know, I aimed between his eyes."

Appellant contends that the bill should be construed as showing that appellant was under arrest and as showing that the statement was not admissible as res gestae. He relies upon Trollinger v. State, 153 Texas Cr. Rep. 364, 219 S.W. 2d 1018.

In Trollinger v. State this court said that it was quite evident that the deputy sheriff and the district attorney considered Trollinger to be under arrest. The officer testified that he would not have allowed Trollinger to go out of the jail or leave until he got hold of the district attorney and knew the facts of the case.

In the case now before us, the officer to whom the statement was made testified that appellant was not under arrest at the

time, and there is nothing to dispute such testimony unless it be the statement of counsel "whether he had put him under arrest is not for him to state—when he came there to surrender he was under arrest."

To this counsel for the state replied "May it please the court, we would say not only was he not under arrest yet, as Mr. Davis has testified, but also it would be in the nature of res gestae."

The bill shows that the trial court first agreed with appellant's counsel that appellant was under arrest, but after hearing all of the evidence on the matter agreed with the state that the evidence was admissible. The bill, however, does not reveal the basis for the court's ruling, and as stated, the ground upon which appellant contended it was inadmissible does not appear.

A bill of exception complaining of the overruling of a motion to strike must show that the evidence was inadmissible and that the grounds upon which it was objected to were well founded. If the evidence might for some reason be admissible, the bill must specify the ground upon which the motion to exclude was based. 4 Texas Jur., Sec. 223, p. 327.

The bill does not appear to conform to such rule.

This court is not called upon to decide whether the evidence was admissible. It was incumbent upon appellant to show by his bill that appellant was under arrest, and that the declaration was not admissible as res gestae, neither being certified by the trial court.

We cannot construe this bill as certifying as a fact that appellant was under arrest, or thought he was when the statement was made, which appears to be necessary to such a bill. Whitfield v. State, 104 Texas Cr. Rep. 232, 283 S.W. 857; Adams v. State, 154 Texas Cr. Rep. 92, 221 S.W. 2d 265; Jordan v. State, 154 Texas Cr. Rep. 217, 226 S.W. 2d 449; Anderson v. State, 157 Texas Cr. Rep. 630, 252 S.W. 2d 189.

Appellant's motion for rehearing is overruled.