**Robert Michael RENT, Appellant,**

v.

**The STATE of Texas.**

**No. 1231–97.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1998.

Henry L. Burkholder, III, Houston, for appellant.

Carol M. Cameron, Asst. District Attorney, Houston, Matthew Paul, State's Attorney, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PRICE, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, BAIRD, MEYERS, MANSFIELD, KELLER, HOLLAND and WOMACK, Judges, join.

Appellant, Robert Michael Rent, was convicted by a jury of the misdemeanor offense of unwarranted health commitment. TEX. HEALTH & SAFETY CODE ANN. § 571.020(a) (Vernon 1992).[1] The jury assessed punishment at 730 days (two years) confinement. He now appeals the judgment of the Court of Appeals, which reversed and remanded his case to the trial court for a new trial as to punishment only.

---

**1.** The crime of which appellant was convicted was committed before September 1, 1993, the effective date of the most recent changes made to § 571.020. Therefore, all references to § 571.020 are to the version in effect at the time the crime was committed. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 705, §§ 3.10, 8.02, 1993 Tex. Gen. Laws 2743, 2757–2758, 2769.

### Facts

On February 8, 1993, appellant executed an application for emergency apprehension in which he stated that his former wife, the complainant in this criminal case, had a history of violence, she exhibited "weird" behavior and he was fearful of her. Appellant also executed an affidavit alleging that the complainant refused to accept reality. As a result of these allegations, the complainant was taken from her home to the Harris County Psychiatric Center, where she was confined overnight and given two examinations before being released. Subsequently, appellant was convicted of unwarranted health commitment and sentenced to two years in county jail, pursuant to Tex. Health & Safety Code Ann. § 571.020(a) (Vernon 1992).

### Court of Appeals

Among his various points of error on appeal, appellant argued that conflicts existed between § 571.020 and Art. 5547–19 of the Texas Revised Civil Statutes, now repealed. Art. 5547–19, titled "Penalties for Unwarranted Commitment," provided for the following:

> Any person who willfully causes or conspires with or assists another to cause the unwarranted commitment or hospitalization of any individual to a mental health facility is guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding $5,000 or by imprisonment in the county jail not exceeding two years or by both.

Act of April 21, 1983, 68th Leg., R.S., ch. 47, § 1, 1983 Tex. Gen. Laws 211, 218. In 1991, the Legislature repealed this provision,[2] while also moving it into the Health and Safety Code with slight changes. This new provision read:

> Sec. 571.020. CRIMINAL PENALTIES. (a) A person commits an offense if the person intentionally causes, conspires with another to cause, or assists another to

cause the unwarranted commitment of a person to a mental health facility. An offense under this subsection is a misdemeanor punishable by a fine of not more than $5,000, confinement in the county jail for not more than two years, or both.

(b) A person commits an offense if the person knowingly violates a provision of this subtitle. An offense under this subsection is a misdemeanor punishable by a fine of not more than $5,000, confinement in the county jail for not more than one year, or both.

Act of April 29, 1991, 72nd Leg., R.S., ch. 76, § 1, 1983 Tex. Gen. Laws 515, 573. However, within that same session, the Legislature also amended Art. 5547–19, so that the maximum amount of imprisonment allowable under the statute was one year, rather than two.[3] Finally, in 1993, the Legislature again (twice) repealed Art. 5547–19.[4]

The Court of Appeals analyzed this situation, relying on the Code Construction Act (Tex. Gov't Code §§ 311.001–311.032). Under Tex. Govt' Code Ann. §§ 311.031(c) (Vernon 1994), it held that on the date appellant committed the alleged offense, both Art. 5547–19, as amended, and § 571.020 were in effect. *Rent,* 949 S.W.2d at 420–421. Then, relying on Tex. Govt' Code Ann. § 311.031(d) (Vernon 1994), it held that Art. 5547–19, as amended, was to be given effect as part of § 571.020, unless the two were in conflict, in which case Art. 5547–19 controlled. *Rent,* 949 S.W.2d at 420–421.

The Court of Appeals then found that Art. 5547–19 and § 571.020 did conflict as to the applicable range of punishment, since the former allowed for a maximum confinement of one year, while the latter allowed for a maximum confinement of two years. *Rent,* 949 S.W.2d at 421. Because appellant was convicted pursuant to § 571.020 but Art. 5547–19 controlled and because the Court

---

2. Act of April 29, 1991, 72nd Leg., R.S., ch. 76, § 19, 1991 Tex. Gen. Laws 647, 647.

3. Act of May 26, 1991, 72nd Leg., R.S., ch. 567, § 3, 1991 Tex. Gen. Laws 2011.

4. Act of April 28, 1993, 73rd Leg., R.S., ch. 107, § 6.54(4), 1993 Tex. Gen. Laws 254 (repealing Acts of 72nd Legislature, Regular Session, 1991, ch. 567, §§ 1–7); Act of May 25, 1993, 73rd Leg., R.S., ch. 705, § 3.10(b), 1993 Tex. Gen. Laws 2757, 2758 (repealing Acts of 72nd Legislature, Regular Session, 1991, ch. 567, § 3).

found the sole conflict to be in punishment,[5] it remanded the case to the trial court for a new hearing as to punishment only. *Rent,* 949 S.W.2d at 421.

However, appellant claimed that because of the conflict between Art. 5547–19 and § 571.020 as to the applicable range of punishment, the trial court should have granted him a new trial.[6] Citing Tex.Code Crim. Proc. Ann. art. 44.29(b) and our decision in *State v. Hight,* 907 S.W.2d 845, 847 (Tex. Crim.App.1995), the Court of Appeals tersely held that "... the trial court cannot order a new trial as to punishment only ... Therefore, the trial court did not err in not granting a new trial on this ground ..." *Rent,* 949 S.W.2d at 421.

We granted appellant's petition for discretionary review on the following ground:

The Court of Appeals erred in holding that the trial court did not commit reversible error in overruling appellant's motion for a new trial based on jury error punishment, where the Court of Appeals agreed with the appellant that the jury was instructed on the wrong range of punishment, and

where this issue was raised in appellant's motion for a new trial.

### Analysis

We have long held that the decision to grant or deny a motion for new trial lies within the discretion of the trial court, and that such decisions are reviewed under an "abuse of discretion" standard.[7] Therefore, it would appear that the task before us is to determine whether or not the trial court abused its discretion in denying appellant's motion for new trial and, if so, whether or not the Court of Appeals committed reversible error in refusing to recognize such an abuse of discretion.

■ However, this case ultimately presents a different issue to be resolved: a conflict between two rules of procedure. Appellant argues that we should remand his case for a new trial as to guilt/innocence, as well as punishment, on the basis of the Rules of Appellate Procedure. That is, a new trial shall be granted "[w]here the verdict is contrary to the law and evidence." Tex.R.App. P. 30(b)(9), 707 S.W.2d (Tex.Cases) XLIX (Tex.Crim.App.1986, superseded 1997).[8] Al-

---

5. Appellant also argued to the Court of Appeals that Art. 5547–19 and § 571.020 conflicted in other areas. He claimed that the former used the term "mental hospital" and the latter used the term "mental health facility." In overruling this point of error, the Court of Appeals appeared to suggest that when Art. 5547–19 was amended 1991, the legislature then substituted "mental health facility" for "mental hospital," so that there was no conflict. *Rent,* 949 S.W.2d at 421. However, this change had actually occurred earlier, in 1983. *See* Act of April 21, 1983, 68th Leg., R.S., ch. 47, § 1, 1983 Tex. Gen. Laws 211, 218.

Appellant also claimed that there was a conflict in the requisite culpable mental states of the provisions ("willfully" and "intentionally"). However, the Court of Appeals held that he had not preserved error, because he had failed to object to the State's information prior to trial. *Rent,* 949 S.W.2d at 421. As neither of these issues is contemplated in the ground on which we granted appellant's petition for discretionary review, they are not before us today.

6. Appellant additionally claimed that he should be granted a new trial on the grounds dealing with the use of the terms "mental hospital" and "mental health facility," and on the issue of culpable mental states (see note 5, *supra* ). However, as the Court of Appeals had overruled those points of error, it held that the trial court did not

err in overruling appellant's motion for a new trial on those grounds. *Rent,* 949 S.W.2d at 421. As these issues are not contemplated in the ground on which we granted appellant's petition for discretionary review, they are not before us today.

7. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993); *Hill v. State,* 480 S.W.2d 670, 673 (Tex.Crim.App.1972); *Bryan v. State,* 406 S.W.2d 210, 216 (Tex.Crim.App.1966), *cert. denied,* 386 U.S. 1023, 87 S.Ct. 1378, 18 L.Ed.2d 461 (1967); *Grizzell v. State,* 164 Tex.Crim. 362, 298 S.W.2d 816, 821 (1956); *Berry v. State,* 159 Tex.Crim. 492, 265 S.W.2d 86, 87 (1954); *Jordan v. State,* 154 Tex.Crim. 217, 226 S.W.2d 449, 452 (1949); *Vallone v. State,* 141 Tex.Crim. 220, 147 S.W.2d 227, 230 (1940).

8. The current rule on grounds for a new trial is substantively the same as the now superseded Tex.R.App. P. 30, which was in effect at the time of appellant's trial and appeal. *See* Tex R.App. P. 21.3 & Tex.R.App. P. 21 notes and comments (Vernon 1998).

Appellant also argues that he should have been granted a new trial on the basis that the trial court "... misdirected the jury as to the law ..." Tex.R.App. P. 30(b)(2), 707 S.W.2d (Tex.Cases)

though the Rules of Appellate Procedure do not define "verdict," according the Code of Criminal Procedure, a "complete" verdict includes the jury's assessment of punishment as well as guilt or innocence. TEX.CODE CRIM. PROC. art. 37.07(c). Furthermore, among the types of judgments which a court of appeals may issue, it may "... reverse the judgment of the court below and dismiss the case or *render the judgment or decree that the court below should have rendered...*" TEX.R.APP. P. 80(b)(3), 707 S.W.2d (Tex. Cases) LXXIX–LXXX (Tex.Crim.App.1986, superseded 1997) (emphasis added).[9] Taken together, these provisions could arguably be read to require that appellant get a new trial on the issue of guilt/innocence as well as punishment.

However, the relevant provisions of the Code of Criminal Procedure state that

(a) Where the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant on the basis of an error in the *guilt or innocence stage* of the trial or on the basis of errors in both the guilt or innocence stage of the trial and the punishment stage of the trial, *the cause shall stand as it would have stood in case the new trial had been granted by the court below.*

(b) If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an *error or errors made in the punishment stage* of the trial, *the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial* under Subsection (b), Section 2, Article 37.07, of this code ...

TEX.CODE CRIM. PROC. art. 44.29(a) & (b) (emphases added).

Recently, we held that because the legislature plainly excluded "trial courts" from the text of Art. 44.29(b), a trial court cannot grant a new trial as to the punishment phase of a trial only. *State v. Hight,* 907 S.W.2d 845, 846–847 (Tex.Crim.App.1995). However, the reliance by the Court of Appeals in the instant case on that proposition does not answer the issue appellant has raised: should appellant get a new trial as to guilt/innocence, as well as punishment, based on an error which took place in the punishment phase of his trial?

■ When interpreting a statute, we focus upon the literal text of the statute and give effect to its plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). The narrow exception to this rule is when the statute's plain language would lead to absurd consequences that the legislature could not possibly intended. *Id.* The plain text of Art. 44.29 tells us two things: (1) if an appellate court finds that there was error committed at the guilt/innocence stage of the trial, the defendant is entitled to a new trial; (2) if an appellate court finds that there was error committed at the punishment stage of the trial (except for convictions under TEX. PEN. CODE § 19.03), the defendant is entitled to a new trial on punishment only.

In the instant case, appellant was given a bifurcated trial, and the Court of Appeals determined that the only error which occurred was at the punishment stage. *Rent,* 949 S.W.2d at 421. Therefore, according to the dictates of Art. 44.29(b), as passed by the legislature, the Court of Appeals could give appellant a new trial only as to punishment. Furthermore, it certainly cannot be said that mandating a new trial as to punishment only when there was error only at the punishment stage is an "absurd result."

Appellant argues that although the error occurred at the punishment stage of his trial, he should be given a new trial as to guilt/innocence, as well. For this, he relies on rules

XLVIII (Tex.Crim.App.1986, superseded 1997). However, appellant did not make this argument to the Court of Appeals.

9. The current rule on the types of judgment which a court of appeals may issue is substan-

tively the same as the now superseded TEX.R.APP. P. 80(b), which was in effect at the time of appellant's trial and appeal. *See* TEX.R.APP P. 43.2 & TEX.R.APP. P. 43 notes and comments (Vernon 1998).

of appellate procedure. However, those rules are promulgated by this Court, pursuant to TEX. CONST. art. V, § 31 and TEX. CODE CRIM. PROC. art. 44.33(a). Art. 44.33(a) states that "[t]he Court of Criminal Appeals shall make rules of posttrial and appellate procedure as to the hearing of criminal actions *not inconsistent with this Code* " (emphasis added). Essentially, appellant asks us to construe our appellate rules so as to hold that when the Court of Appeals made a finding that an error had occurred only at the punishment phase of a trial, it was required, under the guise of reversing the trial court's denial of a motion for new trial, to remand the case for a new trial as to guilt/innocence, as well as punishment. Were we to do this, however, we would be in contravention of the specific mandates of Arts. 44.29 and 44.33(a), and thus of the most basic notions of the "separation of powers" doctrine and "hierarchy of legislation." *See* TEX. CONST. art. II, § 1; 2 SUTHERLAND STAT CONST § 36.06 (5th ed.1993) (in case of conflict between rules of court and state statutes, statutes prevail). Therefore, we do not construe former TEX.R.APP. P. 30(b)(9) and 80(b)(3) (or their current versions, TEX. R.APP. P. 21.3(h) and 43.2(c)) to allow such a result.

For the foregoing reasons, we overrule appellant's ground for review and affirm the judgment of the Court of Appeals.

OVERSTREET, J., concurs in the judgment only.