IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0137-05






DANIEL E. IGO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH DISTRICT COURT OF APPEALS


LUBBOCK COUNTY





 Keller, P.J., delivered the opinion of the Court in which PRICE,
WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. 
MEYERS, J., filed a dissenting opinion. HOLCOMB, J., dissented.


 When a defendant complains on appeal that the trial court erroneously denied a motion for
new trial that alleged a claim of jury-charge error, is he entitled to have the underlying jury-charge
error reviewed under a different harm standard than would have applied to that error absent the
motion for new trial? We answer that question "no."

 I. BACKGROUND


 Appellant was a teacher in Odessa. On January 28, 2000, he and a fifteen-year-old female
student drove to Lubbock. While in Lubbock, they had sex at a motel, and it is that incident which
gave rise to the current prosecution. 

 In the punishment phase charge at appellant's trial for sexual assault, the jury was
erroneously instructed that appellant would not become eligible for parole until the actual time
served, plus good time, equaled one-fourth of the sentence imposed. The jury should have been
instructed that appellant would not become eligible for parole until the actual time served, without
considering good time, equaled one-half of the sentence imposed. (1) Appellant did not object to the
charge at trial. After verdict, he filed a motion for new trial, claiming that the trial court
"misdirected the jury about the law," which the trial court denied. On appeal, he claimed that Rule
of Appellate Procedure 21.3(b) required the trial court to grant the motion for new trial. The court
of appeals held that Article 36.19 of the Code of Criminal Procedure, as interpreted by this Court in
Almanza v. State, (2) dictated the proper analysis for the claim presented. Applying the Almanza
"egregious harm" analysis, the appellate court found the error to be harmless.

 On discretionary review, appellant argues that Rule 21.3(b) required the trial judge to grant
his motion for new trial because the court "misdirected" the jury on the law in this case, and,
consequently, the denial of his motion for new trial was an abuse of discretion. He then infers that
an appellate court must reverse the case on this basis. In the alternative, he contends that the court
of appeals conducted an erroneous "egregious harm" analysis under Almanza.

B. ANALYSIS


 Rule 21.3 provides in relevant part:

 The defendant must be granted a new trial for any of the following reasons:

 ...

 (b) when the court has misdirected the jury about the law or has committed some
other material error likely to injure the defendant's rights.


We disagree with appellant's contention that this language affords him appellate relief solely on the
basis that the trial court "misdirected the jury." Even though appellant characterized his claim as
error in denying a new trial, this case presents error in the charge. At the appellate level, the proper
standard is Article 36.19, as construed in Almanza. (3)

 A statute cannot be superceded by a rule. In Rent v. State we recognized that, when a statute
directs what treatment an appellate court must give to a particular type of error, a rule of appellate
procedure cannot be employed to circumvent the statutory requirement. (4) In that case, we held that
Rent could not use a rule of appellate procedure relating to new trials to circumvent the statutory
requirement that a conviction involving reversible punishment error be remanded for a new
punishment hearing rather than a new trial. (5) As in Rent, the defendant in this case cannot use a
motion-for-new-trial appellate rule to circumvent the harm analysis imposed by Article 36.19.

 If appellant were correct, defendants would no longer be required to preserve a jury-charge
error at trial so long as the issue was raised in a motion for new trial because any error in the charge
could be said to "misdirect" the jury. That result contradicts the policy of encouraging the timely
correction of errors, which is embodied both in Article 36.19 and in our own rules of appellate
procedure. (6) Appellant's reasoning would essentially exempt any jury-charge error from any sort of
harmless-error analysis even when the erroneous instruction might have been fixed had the defendant
brought the error to the trial court's attention. Such a result would essentially eviscerate the two-tiered harm analysis required by statute and do away with the requirement that egregious harm be
shown when the defendant has failed to timely urge an objection. (7) 

 We also disagree with appellant's contention that the court of appeals misapplied the
Almanza "egregious harm" standard. Although appellant did receive the maximum sentence, a
number of other factors mitigate against a finding of egregious harm. First, the parole instruction
contained the standard curative language admonishing the jury not to consider the extent to which
the parole law might be applied to the defendant. Second, parole was not mentioned by either
counsel during argument on punishment. And finally, the evidence relating to punishment was
exceptionally strong. The jury could have viewed the sexual assault here as especially heinous
because the victim was one of appellant's students, and so the conduct was an abuse of appellant's
position as a teacher. Moreover, the evidence showed that appellant had asked another female
student to take a trip with him to Lubbock. Most importantly, appellant continued a sexual
relationship with the victim, even after he was indicted, and he even tried to bribe her to drop the
charges.

 We affirm the judgment of the court of appeals.

Date delivered: December 20, 2006

Publish 
1. Tex. Code Crim. Proc., Art. 37.07, § 4(a).
2. 686 S.W.2d 157 (Tex. Crim. App. 1984). 
3. See Almanza, 686 S.W.2d at 171.
4. 982 S.W.2d 382, 386 (Tex.Crim.App. 1998).
5. Id.
6. See Tex. R. App. P. 33.1.
7. See Almanza, 686 S.W.2d at 171.