**Daniel E. IGO, Appellant,**

v.

**The STATE of Texas.**

No. PD–0137–05.

Court of Criminal Appeals of Texas.

Dec. 20, 2006.

David L. Botsford, Austin, for Appellant.

Nick A. Moutos, Asst. Criminal District Atty., Lubbock, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

When a defendant complains on appeal that the trial court erroneously denied a motion for new trial that alleged a claim of jury-charge error, is he entitled to have the underlying jury-charge error reviewed under a different harm standard than would have applied to that error absent the motion for new trial? We answer that question "no."

## I. BACKGROUND

Appellant was a teacher in Odessa. On January 28, 2000, he and a fifteen-year-old female student drove to Lubbock. While in Lubbock, they had sex at a motel, and it is that incident which gave rise to the current prosecution.

In the punishment phase charge at appellant's trial for sexual assault, the jury was erroneously instructed that appellant would not become eligible for parole until the actual time served, plus good time, equaled one-fourth of the sentence imposed. The jury should have been instructed that appellant would not become eligible for parole until the actual time served, *without considering good time*, equaled *one-half* of the sentence imposed.[1] Appellant did not object to the charge at trial. After verdict, he filed a motion for new trial, claiming that the trial court "misdirected the jury about the law," which the trial court denied. On appeal, he claimed that Rule of Appellate Procedure 21.3(b) required the trial court to grant the motion for new trial. The court of appeals held that Article 36.19 of the Code of Criminal Procedure, as interpreted by this Court in *Almanza v. State*,[2] dictated the proper analysis for the claim presented. Applying the *Almanza* "egregious harm" analysis, the appellate court found the error to be harmless.

On discretionary review, appellant argues that Rule 21.3(b) required the trial judge to grant his motion for new trial because the court "misdirected" the jury on the law in this case, and, consequently, the denial of his motion for new trial was an abuse of discretion. He then infers that an appellate court must reverse the

1. TEX.CODE CRIM. PROC., Art. 37.07, § 4(a).

2. 686 S.W.2d 157 (Tex.Crim.App.1984).

case on this basis. In the alternative, he contends that the court of appeals conducted an erroneous "egregious harm" analysis under *Almanza*.

## B.  ANALYSIS

■ Rule 21.3 provides in relevant part: The defendant must be granted a new trial for any of the following reasons:

. . .

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights.

We disagree with appellant's contention that this language affords him appellate relief solely on the basis that the trial court "misdirected the jury." Even though appellant characterized his claim as error in denying a new trial, this case presents error in the charge. At the appellate level, the proper standard is Article 36.19, as construed in *Almanza*.[3]

■ A statute cannot be superceded by a rule. In *Rent v. State* we recognized that, when a statute directs what treatment an appellate court must give to a particular type of error, a rule of appellate procedure cannot be employed to circumvent the statutory requirement.[4] In that case, we held that Rent could not use a rule of appellate procedure relating to new trials to circumvent the statutory requirement that a conviction involving reversible punishment error be remanded for a new punishment hearing rather than a new trial.[5] As in *Rent*, the defendant in this case cannot use a motion-for-new-trial appellate rule to circumvent the harm analysis imposed by Article 36.19.

If appellant were correct, defendants would no longer be required to preserve a jury-charge error at trial so long as the issue was raised in a motion for new trial because *any* error in the charge could be said to "misdirect" the jury. That result contradicts the policy of encouraging the timely correction of errors, which is embodied both in Article 36.19 and in our own rules of appellate procedure.[6] Appellant's reasoning would essentially exempt any jury-charge error from any sort of harmless-error analysis even when the erroneous instruction might have been *fixed* had the defendant brought the error to the trial court's attention. Such a result would essentially eviscerate the two-tiered harm analysis required by statute and do away with the requirement that *egregious* harm be shown when the defendant has failed to timely urge an objection.[7]

■ We also disagree with appellant's contention that the court of appeals misapplied the *Almanza* "egregious harm" standard. Although appellant did receive the maximum sentence, a number of other factors mitigate against a finding of egregious harm. First, the parole instruction contained the standard curative language admonishing the jury not to consider the extent to which the parole law might be applied to the defendant. Second, parole was not mentioned by either counsel during argument on punishment. And finally, the evidence relating to punishment was exceptionally strong. The jury could have viewed the sexual assault here as especially heinous because the victim was one of appellant's students, and so the conduct was an abuse of appellant's position as a teacher. Moreover, the evidence showed that appellant had asked another female

---

3.  *See Almanza*, 686 S.W.2d at 171.

4.  982 S.W.2d 382, 386 (Tex.Crim.App.1998).

5.  *Id.*

6.  *See* Tex.R.App. P. 33.1.

7.  *See Almanza*, 686 S.W.2d at 171.

student to take a trip with him to Lubbock. Most importantly, appellant continued a sexual relationship with the victim, *even after he was indicted,* and he even tried to bribe her to drop the charges.

We affirm the judgment of the court of appeals.

MEYERS, J., filed a dissenting opinion.

HOLCOMB, J., dissented.

MEYERS, J., dissenting.

I disagree with the majority's use of the *Almanza* egregious harm standard in analyzing this claim. *Almanza* should not even matter in this case. The issue is whether the court misdirected the jury about the law. No harm analysis is required. If the trial court misdirected the jury about the law then the defendant *must* be granted a new trial.

The court of appeals should have focused on whether the trial court abused its discretion in failing to grant a new trial. Rather than applying the *Almanza* harm analysis, the court of appeals should have considered whether the instruction misled the jury. If it did, Rule of Appellate Procedure 21.3(b) requires the granting of a new trial.

What is the point of Rule 21.3(b) if a judge can incorrectly instruct the jury regarding the law and then the court of appeals applies *Almanza* and finds no harm? The majority says that a statute cannot be superceded by a rule. I feel that the majority is allowing a case to supercede a rule. I also disagree with the majority's characterization of Appellant's claim as arguing that defendants are not required to preserve jury-charge error at trial as long as the issue is raised in a motion for new trial. Not all jury-charge error misdirects the jury about the law. For example, a judge expressing an opinion as to the weight of the evidence, summing up the evidence, discussing the facts or arousing sympathy or exciting the passions of the jury does not misdirect the jury about the law. Nor does failing to give the parties time to examine and present objections or not giving both sides reasonable time to present written special instructions. While it would be error for the judge to fail to certify and file the charge and special instructions, to not allow the jury to take the charge to the jury room, or to allow the jury to take into the jury room the parts of the charge that the court refused, none of these errors misdirect the jury about the law. Each of these errors is covered by Code of Criminal Procedure Article 36.19. The error in the jury charge in the case before us is not.

Instead of conducting a harm analysis under *Almanza,* I would consider whether the judge misdirected the jury about the law, and hold that this error is covered by Rule of Appellate Procedure 21.3(b). Therefore, I respectfully dissent.