**Opinion filed August 16, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00373-CR

_____

## ZACKARIAH LAMONT JONES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-37,362**

## M E M O R A N D U M   O P I N I O N

The jury convicted Zackariah Lamont Jones of violating a protective order. Upon appellant's plea of "true" to two prior felony convictions alleged for enhancement purposes, the jury sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eighty years. Appellant challenges his sentence in a single issue. We affirm.

### Background Facts

Sandy Galindo Flores testified that she had known appellant for approximately twenty years and that they had been in a dating relationship for eight to nine months. However, Flores obtained a protective order against appellant on April 6, 2010. She subsequently reunited with

appellant later that month after he called her to apologize for the conduct giving rise to the protective order. This occurred while the protective order remained in effect. Flores testified that, a week later, she called the police when appellant hit and bit her after she refused to have sex with his uncle at appellant's insistence.

*Analysis*

In a single issue, appellant contends that he suffered egregious harm as a result of the trial court giving the jury an incorrect instruction on parole law. The State acknowledges that the parole instruction given to the jury was incorrect. However, appellant did not object to the jury charge error at trial. If there is error in the court's charge, but appellant did not preserve it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

Egregious harm is a difficult standard to prove, and such a determination must be done on a case-by-case basis. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (citing *Hutch*, 922 S.W.2d at 171). In making an egregious harm determination, the actual degree of harm must be assayed in light of the entire jury charge; the state of the evidence, including the contested issues and weight of probative evidence; the argument of counsel; and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171; *see Hutch*, 922 S.W.2d at 172–74. Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172). The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2012) requires the trial court to provide the jury with one of three instructions, depending on the type of offense, regarding parole eligibility in noncapital cases. The parties agree that Article 37.07, section 4(b) is applicable to this case. It provides in relevant part that the jury charge on punishment shall include the following instruction:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence

2

imposed *or 15 years, whichever is less*. Eligibility for parole does not guarantee that parole will be granted.

Article 37.07, section 4(b) (emphasis added).  The trial court did not give the instruction set out in Article 37.07, section 4(b).  Instead, the trial court gave the parole instruction set out in Article 37.07, section 4(c), which provides in relevant part as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

Accordingly, the instruction on parole law given by the trial court erroneously omitted the words "or 15 years, whichever is less."

The incorrect parole instruction misinformed the jury regarding the earliest possible date that appellant could be eligible for parole to the extent the jury might sentence him to a term in excess of sixty years.  Given the fact that the jury sentenced appellant to an eighty-year sentence, one could argue that the erroneous jury charge mistakenly led the jury to believe that appellant would not be eligible for parole until his actual time served plus any good conduct time earned equaled one-fourth of the eighty-year sentence, or twenty years, rather than fifteen years.   A possible result of the incorrect instruction is that the jury may have imposed a longer sentence on the mistaken belief that it would extend appellant's parole-eligibility date.  However, this argument is only theoretical.  *Alamanza* requires a showing of actual harm in order to constitute egregious harm.  686 S.W.2d at 174; *see Hooper v. State*, 255 S.W.3d 262, 272 (Tex. App.—Waco 2008, pet. ref'd).

Appellant argues that actual harm resulted from the erroneous instruction because his trial counsel made reference to the parole instruction during closing argument.  However, the argument was very general in nature.[1]  Trial counsel did not specifically address the possible

---

[1]Trial counsel argued as follows:

> A 25 year sentence is a long time to a 40-year-old person.  Yes, you can take into consideration there are good conduct laws and parole laws.  Is it going to work on his behalf? Only if he takes advantage of it and does the good behavior.  If not, it doesn't work.  And that, for that reason, because the law has already taken into account that we are going to bump this up. And because of his age, and it would actually take him being involved in rehabilitation and good behavior to take advantage of, as the Court's charge tells you, what any possibility there might be for parole.  Which is completely up to the Board of Pardons and Parole.  I am going to ask you on his behalf to consider that low range of punishment.  Thank you.

3

eligibility date for parole.  The prosecutor made no reference to parole laws during closing argument, and a discussion of the topic did not occur during voir dire.  Furthermore, the jury charge contained the standard curative language admonishing the jury not to consider the extent to which parole law might be applied to appellant, and there was no indication that the jury did not follow those instructions.[2]  *See Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (considering fact that standard curative language was given as mitigating against a finding of egregious harm based on an erroneous parole law instruction).

The State presented evidence of appellant's thirteen prior convictions, including two felony drug offenses, two prior misdemeanor violations of protective orders, and two misdemeanor assaults involving family violence.  Considering the record as a whole, the entire jury charge, the state of the evidence against appellant, the arguments of counsel, and voir dire, we conclude that appellant was not egregiously harmed by the omission of the words "or 15 years, whichever is less" in the parole law jury instruction.  Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

August 16, 2012                                                                JUSTICE

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[2]The jury charge instructed as follows:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment because the application of these laws will depend on decisions made by prison and parole authorities.

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

*See* Article 37.07, section 4(b).

4