Opinion filed August 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00373-CR

                                                    __________

 

                         ZACKARIAH
LAMONT JONES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee

 



                                   On
Appeal from the 70th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. A-37,362

 



                                            M
E M O R A N D U M   O P I N I O N

            The jury convicted Zackariah Lamont Jones of
violating a protective order.  Upon appellant’s plea of “true” to two prior
felony convictions alleged for enhancement purposes, the jury sentenced him to confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of eighty years.  Appellant challenges his sentence in a single issue.  We
affirm.  

Background
Facts

Sandy
Galindo Flores testified that she had known appellant for approximately twenty
years and that they had been in a dating relationship for eight to nine months. 
However, Flores obtained a protective order against appellant on April 6, 2010. 
She subsequently reunited with appellant later that month after he called her
to apologize for the conduct giving rise to the protective order.  This
occurred while the protective order remained in effect.  Flores testified that,
a week later, she called the police when appellant hit and bit her after she
refused to have sex with his uncle at appellant’s insistence.

Analysis

In
a single issue, appellant contends that he suffered egregious harm as a result
of the trial court giving the jury an incorrect instruction on parole law.  The
State acknowledges that the parole instruction given to the jury was
incorrect.  However, appellant did not object to the jury charge error at
trial.  If there is error in the court’s charge, but appellant did not preserve
it at trial, we must decide whether the error was so egregious and created such
harm that appellant did not have a fair and impartial trial.  Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985); see Tex. Code
Crim. Proc. Ann. art. 36.19 (West 2006); Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996).

            Egregious
harm is a difficult standard to prove, and such a determination must be done on
a case-by-case basis.  Taylor v. State, 332 S.W.3d 483, 489 (Tex. Crim. App.
2011) (citing Hutch, 922 S.W.2d at 171).  In making an egregious harm
determination, the actual degree of harm must be assayed in light of the entire
jury charge; the state of the evidence, including the contested issues and
weight of probative evidence; the argument of counsel; and any other relevant
information revealed by the record of the trial as a whole.  Almanza,
686 S.W.2d at 171; see Hutch, 922 S.W.2d at 172–74.  Errors that
result in egregious harm are those “that affect the very basis of the case,
deprive the defendant of a valuable right, vitally affect the defensive theory,
or make a case for conviction clearly and significantly more persuasive.”  Taylor,
332 S.W.3d at 490 (citing Almanza, 686 S.W.2d at 172).  The purpose of
this review is to illuminate the actual, not just theoretical, harm to the
accused.  Almanza, 686 S.W.2d at 174.

Tex. Code Crim. Proc. Ann. art. 37.07,
§ 4 (West Supp. 2012) requires the trial court to provide the jury with one of
three instructions, depending on the type of offense, regarding parole
eligibility in noncapital cases.  The parties agree that Article 37.07, section
4(b) is applicable to this case.  It provides in relevant part that the jury
charge on punishment shall include the following instruction:

            Under
the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served plus any good conduct time earned equals one-fourth of the sentence
imposed or 15 years, whichever is less.  Eligibility for parole does not
guarantee that parole will be granted.

 

Article 37.07,
section 4(b) (emphasis added).  The trial court did not give the instruction
set out in Article 37.07, section 4(b).  Instead, the trial court gave the
parole instruction set out in Article 37.07, section 4(c), which provides in
relevant part as follows:

            Under
the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served plus any good conduct time earned equals one-fourth of the sentence
imposed. Eligibility for parole does not guarantee that parole will be granted.


 

Accordingly, the
instruction on parole law given by the trial court erroneously omitted the
words “or 15 years, whichever is less.”

The
incorrect parole instruction misinformed the jury regarding the earliest
possible date that appellant could be eligible for parole to the extent the
jury might sentence him to a term in excess of sixty years.  Given the fact
that the jury sentenced appellant to an eighty-year sentence, one could argue
that the erroneous jury charge mistakenly led the jury to believe that appellant
would not be eligible for parole until his actual time served plus any good
conduct time earned equaled one-fourth of the eighty-year sentence, or twenty
years, rather than fifteen years.   A possible result of the incorrect
instruction is that the jury may have imposed a longer sentence on the mistaken
belief that it would extend appellant’s parole-eligibility date.  However, this
argument is only theoretical.  Alamanza requires a showing of actual
harm in order to constitute egregious harm.  686 S.W.2d at 174; see Hooper
v. State, 255 S.W.3d 262, 272 (Tex. App.—Waco 2008, pet. ref’d).

            Appellant
argues that actual harm resulted from the erroneous instruction because his
trial counsel made reference to the parole instruction during closing argument. 
However, the argument was very general in nature.[1] 
Trial counsel did not specifically address the possible eligibility date for
parole.  The prosecutor made no reference to parole laws during closing
argument, and a discussion of the topic did not occur during voir dire.  Furthermore,
the jury charge contained the standard curative language admonishing the jury
not to consider the extent to which parole law might be applied to appellant, and
there was no indication that the jury did not follow those instructions.[2] 
See Igo v. State, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006)
(considering fact that standard curative language was given as mitigating
against a finding of  egregious harm based on an erroneous parole law
instruction).  

            The
State presented evidence of appellant’s thirteen prior convictions, including
two felony drug offenses, two prior misdemeanor violations of protective
orders, and two misdemeanor assaults involving family violence.  Considering
the record as a whole, the entire jury charge, the state of the evidence
against appellant, the arguments of counsel, and voir dire, we conclude that appellant
was not egregiously harmed by the omission of the words “or 15 years, whichever
is less” in the parole law jury instruction.  Appellant’s sole issue on appeal
is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

            

                                                                                                TERRY
McCALL

August 16, 2012                                                                     
JUSTICE

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Trial
counsel argued as follows:  

 

A
25 year sentence is a long time to a 40-year-old person.  Yes, you can take
into consideration there are good conduct laws and parole laws.  Is it going to
work on his behalf?  Only if he takes advantage of it and does the good
behavior.  If not, it doesn’t work.  And that, for that reason, because the law
has already taken into account that we are going to bump this up.  And because
of his age, and it would actually take him being involved in rehabilitation and
good behavior to take advantage of, as the Court’s charge tells you, what any
possibility there might be for parole.  Which is completely up to the Board of
Pardons and Parole.  I am going to ask you on his behalf to consider that low
range of punishment.  Thank you.





            [2]The jury charge instructed as follows:

 

It cannot accurately be predicted how the parole law
and good conduct time might be applied to this defendant if he is sentenced to
a term of imprisonment because the application of these laws will depend on
decisions made by prison and parole authorities. 

 

You may consider the existence of the parole law and
good conduct time. However, you are not to consider the extent to which good
conduct time may be awarded to or forfeited by this particular Defendant. You
are not to consider the manner in which the parole law may be applied to this
particular Defendant. 

 

See Article 37.07, section 4(b).