# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-12-00553-CR
---

**Johnny Esparza, Appellant**

**v.**

**The State of Texas, Appellee**

---
#### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
#### NO. D-1-DC-11-500297, HONORABLE KAREN SAGE, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Johnny Esparza of the offense of sexual assault. *See* Tex. Penal Code § 22.011(a)(1). The jury found two of the enhancement paragraphs alleging prior felonies to be true and, pursuant to the habitual offender punishment provision of the Penal Code, assessed punishment of confinement for ninety-nine years. *See id*. § 12.42(d). In four points of error, appellant challenges the admission of evidence and the trial court's charge to the jury and seeks to reform the judgment. For the following reasons, we modify the judgment and, as modified, affirm.

## BACKGROUND

On August 14, 2011, appellant and N.G. were inmates in the trustee unit at the Travis County Correctional Complex (TCCC) and had bunk beds next to each other. The unit housed up to 24 inmates in the same room with an adjoining bathroom area. N.G. was alone in the

bathroom area when he was pushed into a shower stall and sexually assaulted. His anus was penetrated by the other person's penis.

A few days later, N.G. reported the sexual assault. The Travis County Sheriff's Office was contacted and began an investigation. As part of the investigation, a nurse did a sexual assault examination on N.G., and N.G. identified appellant as the assailant. A warrant for appellant's arrest was issued, and he was indicted for the offense of sexual assault, enhanced by prior felony convictions in four paragraphs.

Appellant pleaded not guilty, and the jury trial occurred in July 2012. The witnesses for the State included an officer who was on duty at the unit on August 14, 2011, N.G., the deputy with the Travis County Sheriff's Office who met with N.G. after N.G. reported the sexual assault, a nurse at TCCC who was given a note by N.G. describing the sexual assault, a detective who investigated the assault, two forensic scientists with the DNA section of the Department of Public Safety crime laboratory, the sexual assault nurse examiner, a victim counselor who had contact with N.G., and a lieutenant who provided additional information about the physical layout and procedures at the unit. N.G. described the sexual assault and identified appellant as the assailant in front of the jury. The State's evidence also showed that, a few days after the sexual assault, N.G. had a cut on his arm, abrasion on his penis, and tears and abrasions in his anus. Appellant did not testify and did not call any witnesses. The jury found appellant guilty.

The punishment phase of the trial occurred the following day and was tried to the same jury. The State waived paragraph three of the enhancement paragraphs and presented evidence of appellant's convictions as to the other enhancement paragraphs. The State called

investigators who were fingerprint examiners. One of the investigators also testified about threatening statements made by appellant when the investigator was attempting to take appellant's fingerprints shortly after the guilt phase of the trial concluded. According to the investigator, among other threats, appellant told him that he "would kill [the investigator]" if he "saw [the investigator] on the street." The State's exhibits included penitentiary packets and copies of the judgments of prior convictions.

Appellant testified during the punishment phase. On cross-examination, appellant admitted to additional prior convictions and took "full responsibility" for his background and his conduct and statements after the jury found him guilty. The jury found two enhancement paragraphs true and assessed punishment at confinement for ninety-nine years. The trial court certified appellant's right to appeal, and this appeal followed.

## DISCUSSION

### Evidentiary Challenge

In his first point of error, appellant contends that the trial court abused its discretion by admitting evidence during the guilt or innocence phase of the trial showing that appellant had previously been in prison and was probably going back. Specifically, appellant challenges the admission of evidence that appellant told N.G. during the assault "[t]hat he's been in prison, [and] he's probably going back." Appellant contends that the trial court erred when it overruled his "unfair prejudice" objection to this evidence based on Rule 403 of the Rules of Evidence. *See* Tex. R. Evid. 403. He argues that the State did not need "to resort to labeling [appellant] a convict headed back to prison."

3

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Sandoval v. State*, 409 S.W.3d 259, 281 (Tex. App.—Austin 2013, no pet.). We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009); *Sandoval*, 409 S.W.3d at 281.

Rule 403 of the Texas Rules of Evidence allows for the exclusion of otherwise relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010) (citing *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997)). "It is only when there exists a clear disparity between the degree of prejudice produced by the offered evidence and its probative value that Rule 403 is applicable." *Id*. Our analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012), *cert. denied*, 134 S. Ct. 823 (2013) (citing *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1990)); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).

Appellant concedes that the evidence "had marginal relevance" to the issue of N.G.'s consent and that the time needed to develop the evidence weighed in the State's favor but contends

4

that the evidence could have led the jurors to convict appellant based on previous incarceration and that the State did not need this evidence. Because the assault occurred at the TCCC, however, the jury was already aware that appellant was an incarcerated individual as a result of a previous incident. Further, the evidence showed that N.G. was larger than appellant, and one of the defensive theories advanced was the lack of evidence that anyone heard the assault. The evidence provided an explanation as to why N.G. did not yell, fight back, or seek help at the time of the assault. N.G. testified that appellant's statements made him "[r]eally scared."

We conclude that the challenged evidence's probative value was not substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. Thus, we conclude that the trial court did not abuse its discretion when it overruled appellant's objection and admitted this evidence. We overrule appellant's first point of error.

**Jury Charge**

In his second and third points of error, appellant contends that he suffered egregious harm as a result of the trial court improperly instructing the jury on the law of parole eligibility and "as a result of the court's charge allowing the jury to sentence [appellant] as a habitual criminal without a finding of sequencing of at least two prior convictions." Appellant's points of error are directed to the punishment phase charge.

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin

5

2008, pet. ref'd). Appellant did not raise the objections to the charge in the trial court that he now raises on appeal. Thus, any error must be "fundamental," and reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

### *Parole Eligibility Instruction*

The State concedes that the jury instruction regarding good conduct time was erroneous. The jury should have been instructed that appellant would be eligible for parole "without consideration of any good time [he] may earn." *See* Tex. Code Crim. Proc. art. 37.07, § 4(a); *see also id*. art. 42.12, § 3g(a)(1)(H). The jury, however, was instructed that appellant "[would] not become eligible for parole until the actual time served *plus* any good conduct time earned equals one-half of the sentence imposed or 30 years, whichever is less." (Emphasis added.) Thus, the controlling issue is whether this error caused egregious harm.

Appellant focuses on a question by the jury about the difference between a life sentence and ninety-nine years to support his contention that the error caused egregious harm. But, if the jury was concerned with parole, a sentence of sixty years would have been sufficient to insure the maximum time in prison without parole. *See Cueva v. State*, 339 S.W.3d 839, 853 (Tex. App.—Corpus Christi 2011, pet. ref'd) (noting that thirty-year term applies to any sentence over sixty years for purposes of parole so that there is "no parole-based incentive to lengthen the sentences beyond sixty years, and it is reasonable to conclude that the jury chose seventy-year sentences for other reasons").

6

Further, immediately before the paragraph containing the erroneous language, the charge reads:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to imprisonment, because the application of these laws will depend upon decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant.

During closing argument, the State also explained to the jury that they should not attempt to apply parole law and good conduct time to appellant.

We are guided by the court of criminal appeals' analysis in *Igo v. State*, 210 S.W.3d 645 (Tex. Crim. App. 2006). Similar to the instruction here, the jury was erroneously instructed that the defendant "would not become eligible for parole until the actual time served, plus good time, equaled one-fourth of the sentence imposed." *Id.* at 646. In that case, the jury should have been instructed that the defendant "would not become eligible for parole until the actual time served, *without considering good time*, equaled *one-half* of the sentence imposed." *Id.* (emphasis in original). The court found no egregious harm. *Id.* at 647. In its analysis, the court noted that, although the defendant received the maximum sentence, other factors mitigated against a finding of egregious harm. *Id.* The court considered the inclusion of "standard curative language [in the parole instruction] admonishing the jury not to consider the extent to which the parole law might

be applied to the defendant," counsel's arguments on punishment that did not mention parole, and the strength of the evidence relating to punishment. *Id*.

Similar to the parole instruction to the jury in *Igo*, the jury was instructed not to consider the extent to which the parole law might be applied to appellant. *See id.* Counsel in their arguments also did not focus on when appellant would be eligible for parole, and the evidence presented at punishment was very strong. *See id.* (finding "the evidence relating to punishment was exceptionally strong" to support no egregious harm as to erroneous instruction on good conduct time). The State presented evidence of four prior felony convictions of offenses, including assault family violence and aggravated assault, resulting in three separate trips to prison, as well as other convictions. Other evidence showed that appellant had threatened to kill one of the fingerprint examiners after the jury's verdict of guilty, and appellant admitted to additional convictions during cross-examination. Additionally, the jury was free to consider the nature of the instant offense and the fact that this assault was committed in the TCCC. Accordingly, we conclude that the error in the instruction did not cause egregious harm and overrule appellant's second point of error. *See id.* at 646–47.

*Sequencing of at Least Two Prior Convictions*

In his third point of error, appellant contends that he suffered egregious harm because the court's charge allowed the jury to sentence him as a habitual criminal without a finding of sequencing of at least two prior convictions. *See* Tex. Penal Code § 12.42(d) (requiring second felony conviction to be for offense that occurred after the previous conviction was final). Appellant focuses on the following highlighted language in the enhancement paragraphs of the charge:

8

The defendant, Johnny Esparza, has been found guilty by you of the felony offense of Sexual Assault as alleged in the indictment. In addition, the indictment alleges for enhancement purposes that the defendant has **previously been finally convicted of at least two felony offenses.**

Specifically, the State accuses the defendant of being convicted on the 3rd day of July, 1996, in Cause No. 96-CR-1609-F in the 214th Judicial District Court of Nueces County, Texas, for the felony offense of Burglary of a Habitation. The State further alleges that this conviction became a final conviction before the commission of the offense of which the defendant is accused in the next paragraph.

**The State further accuses the defendant of being convicted on the 7th day of June, 2001, in Cause No. 00-CR-3554-C in the 94th Judicial District Court of Nueces County, Texas, for the felony offense of Robbery or on the 7th day of June, 2001, in Cause No. 00-CR-3426-C in the 94th Judicial District Court of Nueces County, Texas, for the felony offense of Aggravated Assault. The State further alleges that this conviction became a final conviction before the commission of the offense of which the defendant is accused in the next paragraph.**

The State further accuses the defendant of being convicted on 19th day of May, 2009, in Cause No. 09-CR-0540-A in the 28th Judicial District Court of Nueces County, Texas, for the felony offense of Assault Family Violence. The State further alleges that this conviction became a final conviction before the commission of the offense of which the defendant is accused in the indictment.

The defendant has pleaded that these accusations are "not true."

The range of punishments from which you must assess the defendant's punishment therefore depends on whether you find that the State proved the prior conviction accusations.

If the State does not prove at least one of the prior convictions are true, this offense is punishable by a term of imprisonment from 2 to 20 years.

If the State proves only one of the prior convictions are true, this offense is punishable by a term of imprisonment from 5 to 99 years or life.

**If the State proves the accusation of two or more prior convictions are true, this offense is punishable by a term of imprisonment from 25 up to 99 years or life and a fine of no more than $10,000**.

9

Appellant contends that the highlighted language permitted the jury to make a finding that appellant was a habitual criminal on the basis of the two convictions that occurred in June 2001.

The two offenses in the challenged enhancement paragraph, however, were listed in the disjunctive. The paragraph makes clear that the jury could pick the offense of robbery "or" the offense of aggravated assault. As the State explained during closing argument,

> So then he's been incarcerated, he gets out and he commits an aggravated assault and a robbery. These are two crimes that are committed about the same time period and the convictions are to be considered together. So that's why the charge says if you find that he's convicted of aggravated assault or robbery, that can be one of the penitentiary trips that you can consider in whether or not he's enhanced or he's habitual. So this is one penitentiary sentence.
>
> The idea is that once a person goes to prison, they should get out and think to themselves, golly, I never want to go back to that place again, and maybe conform their behavior and stop committing crime, but this defendant has not done that.
>
> . . .
>
> So we have three separate trips to the penitentiary. We have clearly proven that he is habitual.

We conclude that the trial court's enhancement paragraphs as to the two convictions in June 2001 were not erroneous.

Further, even if they were, the error did not cause egregious harm. As previously stated, the State presented evidence that appellant had four prior felony convictions, including for violent offenses, resulting in three separate trips to the penitentiary, as well as other convictions. The State also explained to the jury during the trial that the enhancement paragraph in question was

to be counted as only one conviction for purposes of enhancement because the convictions only led to one penitentiary trip. Accordingly, we overrule appellant's third point of error.

**Clerical Error in Judgment**

In his fourth point of error, appellant contends that the judgment should be reformed to properly reflect the pleas and jury finding with respect to enhancement of punishment. The State concedes the errors and acknowledges that the judgment should be modified. The judgment incorrectly reflects that the pleas to the enhancement paragraphs and the findings on the enhancement paragraphs were "N/A." The record reflects that appellant pleaded not true to the enhancement paragraphs and that the jury found two of the enhancement allegations alleged in the indictment were true.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we sustain appellant's fourth point of error and modify the judgment to reflect that appellant pleaded "not true" to the enhancement paragraphs of the indictment and to reflect that the jury found that two of the enhancement allegations in the indictment were true. *See Britton v State*, No. 02-10-00299-CR, 2011 Tex. App. LEXIS 7572, at *3–4 (Tex. App.—Fort Worth Sept. 15, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect proper plea to enhancement paragraphs before affirming conviction in frivolous appeal).

**CONCLUSION**

For these reasons, we modify the judgment of conviction as noted above and, as modified, affirm.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   August 20, 2014

Do Not Publish