PD-0095-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/22/2015 9:11:58 AM
Accepted 1/28/2015 10:01:26 AM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**BRANDON WILLIAMS**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1327831D from the
371st Criminal District Court of Tarrant County, Texas,
and Cause No. 02-14-00194-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

January 28, 2015

ABEL ACOSTA, CLERK

Abe Factor
TBN: 06768500
Daniel Collins
TBN: 24071079
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Brandon Williams

## IDENTITY OF PARTIES AND COUNSEL

Appellant: Brandon Williams

Appellant's Trial Counsel: Hon. Charles Roach
TBN: 16965700
Attorney at Law
P.O. Box 35063
Fort Worth, Texas 76112

Appellant's Counsel
on Appeal: Hon. Abe Factor
TBN: 06768500
Hon. Daniel Collins
SBN: 24071079
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Facsimile: (817) 222-3330

Appellee: The State of Texas

Appellee's Trial Counsel: Hon. Arthur Clayton
TBN: 24007007
Hon. Erin Cofer
TBN: 24066277
Assistant District Attorney
Tarrant County, Texas
401 W. Belknap
Fort Worth, Texas 76196

Appellee's Counsel
on Appeal: Hon. Charles Mallin
TBN: 12867400
Assistant District Attorney
401 W. Belknap
Fort Worth, Texas 76196

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      **The "good time" jury instruction mandated by article 37.07 section 4 of the Texas Criminal Procedure Code is unconstitutional when applied to an offender who is not eligible for "good time" credit**. . . . . . . . . . . . . . . . 2

        A.      *Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        B.      *Opinion Below* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        A.      *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      *Harm Analysis*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

*Cases*                                                                      *page*

*Allen v. State*,
　　253 S.W.3d 260 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Almanza v. State*,
　　686 S.W.2d 157 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Boyde v. California*,
　　494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). . . . . . . . . . . . . . . . . . . . . 6

*Hutch v. State*,
　　922 S.W.2d 166 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Igo v. State*,
　　210 S.W.3d 645 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Luquis v. State*,
　　72 S.W.3d 355 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 6

*Sanders v. State*,
　　255 S.W.3d 754 (Tex. App.–Fort Worth 2008, pet. ref'd). . . . . . . . . . . . . . . . . . 3

*Trejo v. State*,
　　280 S.W.3d 258 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Williams v. State*,
　　02-14-00194-CR,  (Tex. App.–Fort Worth, December 23, 2014, no. pet. h.)
　　　　(mem. op., not designated for publication). . . . . . . . . . . . . . . 1, 3

*Constitutions*

Tex. Const. Art. I § 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Const. Art. I § 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. Const. Amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. Const. Amends. XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Statutes*

Tex. Crim. Proc. Code Ann. § 36.14 (West Supp. 2013). . . . . . . . . . . . . . . . . . . . . . 4

Tex. Crim. Proc. Code Ann. § 37.07(4)(a) (West Supp. 2013). . . . . . . . . . . . . . . . . 4

Tex. Gov't Code Ann. § 508.145(d) (West 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Penal Code Ann. § 22.021 (West 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On August 8, 2013, Brandon Williams ("Williams" or "Petitioner") was indicted for the first degree felony offense of aggravated sexual assault, alleged to have occurred on April 13, 2013 (C.R. 6); *see* Tex. Penal Code Ann. § 22.021 (West 2011). A jury trial was held in the 371st Criminal District Court of Tarrant County, the Honorable Mollee Westfall, presiding, on April 28-31 and May 1, 2014. (I-VI R.R. *passim*). The jury found Williams guilty as charged in the indictment. (IV R.R. 24-25). Punishment was to the jury, which sentenced Williams to a term of ninety-nine (99) years incarceration in the Institutional Division of the Texas Department of Criminal Justice. (VI R.R. 64).

A timely Notice of Appeal was filed on May 1, 2014. (C.R. 90).

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Second Court of Appeals affirming Williams' conviction was handed down on December 23, 2014. *See Williams v. State*, 02-14-00194-CR (Tex. App.–Fort Worth, December 23, 2014, no. pet. h.) (mem. op., not designated for publication). This timely Petition for Discretionary review ensued.

1

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I.  The "good time" jury instruction mandated by article 37.07 section 4 of the Texas Criminal Procedure Code is unconstitutional when applied to an offender who is not eligible for "good time" credit.

## REASONS FOR REVIEW

1.  This Court should reverse its opinion in *Luquis*[1] and find that the "good time" jury instruction mandated by section 37.07(4)(a) is unconstitutional when applied to an offender who is not eligible for "good time" credit.

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I.  The "good time" jury instruction mandated by article 37.07 section 4 of the Texas Criminal Procedure Code is unconstitutional when applied to an offender who is not eligible for "good time" credit.

A.  *Facts*

After a five-day jury trial, Williams was found guilty of aggravated sexual assault. (IV R.R. 24-25). At punishment, the jury charge contained the language authorized by statute regarding good conduct time for Texas prison inmates. (C.R. 76-77). Williams did not object to the Court's jury charge on punishment. (VI R.R. 55). The jury sentenced Williams to ninety-nine years incarceration. (VI R.R. 64).

_____

[1] *Luquis v. State*, 72 S.W.3d 355, 363-68 (Tex. Crim. App. 2002).

**B.** *Opinion Below*

In its Opinion, the Second Court of Appeals correctly held that as this Court has firmly held against Williams' argument, it was bound this Court's binding precedent. *See Williams v. State*, 02-14-00194-CR, at *2-3 (citing *Luquis v. State*, 72 S.W.3d 355, 363-68 (Tex. Crim. App. 2002)); *Sanders v. State*, 255 S.W.3d 754, 765-66 (Tex. App.–Fort Worth 2008, pet. ref'd).

**C.** *Discussion*

The court's charge to the jury on punishment contained the following:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

(C.R. 76-77).

A person serving a sentence for aggravated sexual assault is not eligible to accumulate good conduct time credits. *See* Tex. Gov't Code Ann. § 508.145(d) (West 2012).

The jury charge in question is authorized by statute. *See* Tex. Crim. Proc. Code Ann. § 37.07(4)(a) (West Supp. 2013). The jury charge authorized by section 37.07(4)(a) of the Code of Criminal Procedure informs the jury of good conduct time, briefly describes the concept, and explicitly tells the jury not to apply it to Williams. *See* Tex. Code Crim. Proc. § 37.07(4)(a); (C.R. 76-77). Under Texas law, the purpose of the jury charge is to inform the jury of the applicable law and to guide it in applying the law to the case. *Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996). The charge should not merely avoid misleading or confusing the jury, but should lead them and prevent confusion. *Id*. at 169. Further, Article 36.14 of the Texas Code of Criminal Procedure contains the overriding principle governing the court's charge to the jury. It requires a judge to deliver to a jury, in writing, a charge "distinctly setting forth the law applicable to the case." Tex. Crim. Proc. Code Ann. § 36.14 (West Supp. 2013). However, the complained-of statutory charge violates this principle and sows confusion in the minds of the jury, since Willams' parole can not be affected in any way by the accumulation of good time. By doing so, Williams'

4

right to due process and due course of law is violated. The Court's charge to the jury on good-conduct time as mandated in article 37.07, section 4(a), is unconstitutional as applied to appellant because it violates the due course of law provisions of article I, sections 13 and 19 of the Texas Constitution and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution in requiring an instruction that is, in this case, an incorrect statement of the law. *See* U.S. Const. Amends. V, XIV; Tex. Const. Art. I §§ 13, 19. Because it is an incorrect statement of the law, it is erroneous; however, since Williams failed to lodge an objection to the charge, he must show that he suffered "egregious harm" in order to merit reversal. *See Igo v. State*, 210 S.W.3d 645 (Tex. Crim. App. 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

D.    *Harm Analysis*

Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). The standard of harm is that for unobjected-to error in the charge is whether

> the error is so egregious and created such harm that he has not had a fair and impartial trial--in short[,] egregious harm. . . .[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

5

*Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (quoting *Almanza*, 686 S.W.2d at 171).

Here, Williams received a sentence of ninety-nine years. During closing argument on punishment, the State requested that the jury sentence Williams to nothing less than a life sentence. (VI R.R. 56, 62). The jury brought back a sentence substantially equivalent to the sentence the State had requested. Though the jury is presumed to have followed the instruction as given and therefore not considered how parole would apply to Williams, *Luquis*, 72 S.W.3d at 366, the Court of Criminal Appeals has recognized that in some instances jury instructions may at the least be "ambiguous and therefore subject to an erroneous interpretation." *Id*. at 366 (citing *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)). By confusingly referring to good conduct time credit and its effect on parole even though the concept is inapplicable to Williams here, the instructions are eminently "ambiguous and therefore subject to an erroneous interpretation," as shown by the fact that the jury felt it necessary to assess a sentence substantially equivalent to that requested by the State. It is entirely conceivable that the jury's fear that Williams might be released early due to the accumulation of good conduct time credit caused it to return with a sentence substantially equivalent to that requested by the State.

Having found that Williams suffered egregious harm from the trial court's

6

jury charge on punishment, this Court should reverse the sentence entered below and remand for new punishment hearing.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals and delete the reparations from the judgment in this cause.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Hon. Daniel Collins
SBN: 24071079
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Attorney for Petitioner
Brandon Williams

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,219.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 23rd day of January, 2015.

/s/ Abe Factor
Abe Factor

## **APPENDIX**

1. Opinion of the Second Court of Appeals



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00194-CR

---

BRANDON WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1327831D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brandon Williams appeals from his conviction for aggravated sexual assault and 99-year sentence. In his sole point, Appellant argues that the trial court's jury charge at punishment violated his rights to due process and due course of law. Because Appellant's argument has been rejected by the court of criminal appeals, we affirm.

---

[1]*See* Tex. R. App. P. 47.4.

After a jury found Appellant guilty of aggravated sexual assault and heard evidence regarding punishment, the trial court charged the jury and included the statutory instruction regarding the possible effect of good-conduct credits on Appellant's sentence. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2014). As required, the instruction informed the jury that it could not "consider the extent to which good conduct time may be awarded to or forfeited by [Appellant] . . . [or] the manner in which the parole law may be applied" to Appellant. *See id.* Under the law applicable to Appellant's conviction for aggravated sexual assault, Appellant was not eligible for release on mandatory supervision based on good-conduct credits. *See* Tex. Gov't Code Ann. §§ 508.145(d), 508.149(a) (West Supp. 2014); Tex. Penal Code Ann. § 22.021(a) (West Supp. 2014). Appellant argues that the inclusion of the good-conduct-time instruction violated his constitutional rights because it did not apply to his conviction.

Showing the highest degree of professionalism, counsel for Appellant candidly recognizes that this issue has been firmly decided against his position. Indeed, the court of criminal appeals has held that the instruction under article 37.07, section 4 is statutorily required to be given even if the instruction has no effect on a defendant's eligibility for mandatory supervision. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). The court further concluded that the statutorily required instruction did not violate a defendant's due-process or due-course-of-law rights even though inapplicable. *Id.* at 364–68. We are bound by

2

this precedent and, therefore, conclude that the trial court did not err by including the required good-conduct-time instruction even though inapplicable to Appellant. *See Sanders v. State*, 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd). We overrule Appellant's point and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2014

3