**Affirmed and Memorandum Opinion filed September 29, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00559-CR

---

**LIONEL FRANKLIN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13CR0324**

---

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant Lionel Franklin, Jr., of possession of a controlled substance in a drug free zone. The jury sentenced appellant to confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant claims there was error in the charge to the jury during the punishment phase. We affirm.

Appellant was found guilty of possession of cocaine in an amount of one gram or more, but less than four grams, in a drug free zone.[1] Appellant entered a plea of "true" to the enhancement allegation that prior to the commission of the primary offense, he was convicted of murder.[2] The jury was correctly instructed that the range of punishment was seven to twenty years.[3]

In his sole issue, appellant argues the trial court's charge to the jury on punishment incorrectly stated the parole law applicable to this case. The punishment charge included the following instruction on parole law:

> It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole *until the actual time served* plus any good conduct time earned *equals one-fourth of the sentence imposed*. Eligibility for parole does not guarantee that parole will be granted.

> . . .

> You are not to consider the manner in which the parole law may be applied to this particular Defendant.

(Emphasis added.) The instructions given were in accordance with article 37.07 section 4(c) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Art. 37.07 § 4(c). Appellant's complaint is that this instruction was incorrect in light of section 508.145(e) of the Texas Government Code, which provides:

> An inmate serving a sentence for which the punishment is increased under Section 481.134, Health and Safety Code, is not eligible for release on

---

[1] This offense is a third-degree felony. *See* Tex. Health & Safety Code § 481.115.

[2] Appellant was therefore subject to punishment for a second-degree felony, the range of which is two to twenty years. *See* Tex. Penal Code Ann §§ 12.42(a) and 12.33(a).

[3] The minimum term of confinement is increased by five years if the offense occurs in a drug-free zone. *See* Tex. Health & Safety Code Ann. § 481.134(c).

parole *until the inmate's actual calendar time served*, without consideration of good conduct time, *equals five years* or the term to which the inmate was sentenced, whichever is less.

(Emphasis added.) Appellant argues that had the jury known he had to serve a minimum of five years before he would be eligible for parole, a lesser sentence might have been assessed.

The record reflects, and appellant concedes in his brief, that he failed to object to the parole eligibility instruction at trial. Thus the error, if any, does not call for a reversal of his conviction unless appellant was egregiously harmed by the instruction. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Any harm inflicted by the erroneous charge must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). We engage in this assessment to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174; *see Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013).

As a whole, the trial court's parole instructions informed the jury that appellant may be released from a prison sentence early because of parole but not that he necessarily would, and that one cannot predict how parole law might be applied to appellant. Further, the jury was explicitly instructed that although it could consider, in general, the existence of parole, it could not apply that to appellant specifically. *See Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (parole instruction containing standard curative language admonishing jury not to consider extent to which parole law

3

might be applied to defendant was factor mitigating against finding of egregious harm). We presume the jurors understood and followed the court's instructions in the jury charge absent evidence to the contrary. *See Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

There is no evidence in the record before us to rebut the presumption that the jury followed the instruction not to consider how parole law might be applied to appellant. Nothing in this record suggests that the jurors discussed, considered, or tried to apply—contrary to the judge's admonition—what they were told about parole. For example, the jury did not send out any notes or questions during punishment deliberations expressing confusion about the parole instruction, indicating the possible application of parole law to appellant, or showing attempts to calculate appellant's parole eligibility.

Parole was only mentioned once during argument on punishment by defense counsel, as follows, "He may wind up getting parole. Who knows?" Further, the evidence relating to punishment was exceptionally strong. Three pen packets were admitted into evidence reflecting convictions for murder (the enhancement allegation), robbery, and possession of cocaine.

We conclude that consideration of the entirety of the jury charge, the state of the evidence, and the argument of counsel weighs against a finding of egregious harm. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Ken Wise
        Justice



Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).