

# NUMBER 13-20-00079-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**WAKEEM TYRONE MATHIS JR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 361st District Court
### of Brazos County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Perkes**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Wakeem Tyrone Mathis Jr. appeals his conviction for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02. By two issues, Mathis argues that (1) the judgment should be reformed to reflect

his plea of not true as to the State's enhancement allegation, and (2) he suffered egregious harm from an error in the jury charge at punishment. We affirm as modified.

## I.   BACKGROUND[1]

In 2018, Mathis was indicted for the underlying offense after allegedly attacking Justin Hayes with a knife. Mathis pleaded not guilty, proceeded to trial, and was found guilty by a jury.

At the punishment phase, Mathis pleaded not true to the State's enhancement allegation that he was previously convicted of possession of a controlled substance, a felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. The State introduced the judgment of conviction for that offense, along with other evidence relevant to punishment. The trial court then provided the jury with instructions on punishment without any objection from either party. The jury found the enhancement allegation to be true,[2] sentenced Mathis to seventy years' incarceration in the Texas Department of Criminal Justice Institutional Division, and assessed a $10,000 fine. This appeal followed.

## II.   JURY CHARGE

By his second issue, which we address first, Mathis argues there was an error in the jury charge at punishment, and that this error caused him egregious harm.

### A.   Standard of Review

Our first duty in analyzing an alleged jury-charge error is to determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error,

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Because the jury found the enhancement allegation to be true, Mathis's punishment range was increased to that of a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b)(1); *see also id.* § 12.32 (providing that a first-degree felony is punishable "for life or any term of not more than 99 years or less than 5 years").

then we analyze that error for harm. *Id.* The degree of harm necessary for reversal depends on whether the defendant preserved the error by objection. *Id.* If there is error and the defendant preserved the alleged error, then we must reverse as long as the error was not harmless. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). When the defendant fails to object, we will reverse only if the record shows egregious harm. *See Ngo*, 175 S.W.3d at 750; *Cueva v. State*, 339 S.W.3d 839, 848 (Tex. App.—Corpus Christi–Edinburg 2011, pet. ref'd).

An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). Actual harm is established when the erroneous jury instruction affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.* "This is a high and difficult standard which must be borne out by the trial record." *Reeves*, 420 S.W.3d at 816. We consider the entire jury charge; the state of the evidence, including contested issues and the weight of the probative evidence; the parties' arguments; and all other information in the record. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); *Cueva*, 339 S.W.3d at 848.

B.    **Applicable Law**

In each felony case, the trial court delivers to the jury a written charge setting forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14; *see id.* art. 36.13 ("[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby."). The Texas Code of Criminal Procedure sets out three alternative jury charges concerning a defendant's eligibility for parole. *Id.* § 4(a)–(c). "Depending on the offense on which a defendant has been convicted, whether

3

his . . . sentence is to be enhanced, and whether a deadly-weapon finding has been made . . ., the trial court is to select which one of the three alternatives will be given to the jury." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.). As relevant to this case, a deadly weapon finding prevents good conduct time from counting towards the portion of a defendant's sentence that must be served before the defendant is eligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145(d)(1)(B), (d)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a).

## C. Analysis

Here, Mathis was charged with a second-degree felony of aggravated assault with a deadly weapon, and the jury found Mathis guilty of the offense. As a result of the deadly weapon finding, Mathis is not eligible for release on parole until his time served equals one-half of his sentence or thirty years, whichever is less, regardless of any time credit for good conduct. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a); TEX. GOV'T CODE ANN. § 508.145(d)(2). However, the charge instructed the jury that Mathis "will not become eligible for parole until the actual time served *plus any good conduct time earned* equals one-half of the sentence imposed or thirty (30) years, whichever is less, without any consideration of good time credit" (emphasis added). The State concedes the emphasized portion of the preceding sentence was error. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Because Mathis did not object to the charge at trial, we review the error for egregious harm. *See Arrington*, 451 S.W.3d at 840.

First, we note that the jury charge at punishment correctly instructed the jury not to consider the extent to which parole law and good conduct time might be applied to

4

Mathis.[3] And absent evidence to the contrary, we presume the jury followed the trial court's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *see also Murrieta*, 578 S.W.3d at 556 ("A curative instruction, in combination with other factors, may cure any error."). Mathis does not point to any evidence rebutting this presumption, and we find none. *See Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006); *Murrieta*, 578 S.W.3d at 556.

Second, the evidence at punishment was strong. The brutality of the crime was clear—Mathis nearly killed Hayes, a close friend, after attacking him with a knife, causing over twenty puncture wounds and lacerations to Hayes's stomach, back, chest, neck, face, and arms. The State also introduced prior judgments convicting Mathis of assault causing bodily injury to a family member, manufacture or delivery of a controlled substance, possession of a controlled substance, failure to ID, telephone harassment, criminal trespass of a habitation, harboring a runaway child, and two separate instances each of evading arrest and theft. There was evidence that Mathis was violent to the mother of his children, and that Mathis was a gang member who was transferred out of the housing unit in the jail because he threatened to be violent.

Finally, neither party mentioned parole or good conduct time in their arguments, and Mathis's defensive theory—that he was acting in self-defense because Hayes was trying to rob him—was not impacted by the error in the charge. Upon review of the record,

---

[3] Specifically, the charge stated:

You may consider the existence of parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant.

we cannot conclude that the erroneous jury instruction here affected the very basis of the case, deprived Mathis of a valuable right, or vitally affected a defensive theory. *See Arrington*, 451 S.W.3d at 840; *Igo*, 210 S.W.3d at 647.

We overrule Mathis's second issue.

### III. PLEA TO ENHANCEMENT ALLEGATION

By his first issue, Mathis argues that the judgment of conviction erroneously states that he pleaded "true" to the State's enhancement allegation. The State agrees, and the reporter's record shows that Mathis pleaded "not true" to the enhancement allegation.

Appellate courts have the authority to modify a judgment to make it speak the truth. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment to reflect that Mathis pleaded "not true" to the State's enhancement allegation. *See* TEX. R. APP. P. 43.2(b).

We sustain Mathis's first issue.

### IV. CONCLUSION

The trial court's judgment is affirmed as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of December, 2020.